## JEREMIAH SHELDON, JR., v. GILBERT B. COMSTOCK.

Motions on behalf of officers, made during the pendency of a suit, to amend their returns on mesne process, are generally granted.

An officer's return upon a precept should contain a statement of the acts which he has done under and in virtue of it, and the place and the time when and where such acts were done.

A writ can be duly served only in the manner prescribed by statute.

An officer's return of his doings within the scope of his duty is evidence upon which the Court is authorized to act.

To recitals and statements in an officer's return, which are not required by law to be made, the Court can give no consideration.

THE writ in this action was served by attaching certain articles of personal property. The return of the officer, as originally made, set forth the attachment with the time and place, but did not state that immediately after making the attachment he left an attested copy of the writ with a copy of his doings thereon at the defendant's usual place of abode, with some person there, as is required by sec. 3 of the act entitled "an act prescribing the forms of writs and the manner of serving them."

The defendant filed his motion to dismiss the action for want of service, whereupon the officer also moved the Court for liberty to amend his return, by adding to it the following words: "and have left a true and at-

Jeremiah Sheldon, Jr., *v.* Gilbert B. Comstock.

tested copy of this writ, by direction of the defendant, with his, defendant's attorney, Paul Todd, in whose hands defendant stated his affairs to be placed."

The defendant contended that the return, if amended as proposed by the officer, would still be insufficient, and persisted in his motion to dismiss the action.

*Browne* for plaintiff.

*Robinson* and *Eames* for defendant.

STAPLES, C. J.   Motions by officers for leave to amend their returns on mesne process are of very frequent occurrence.   When made at the return term, or during the pendency of the suit, they have generally been granted, and almost as a matter of course.   The leave so given is to spread on the record proper evidence of all that the officer actually did on the service of the process committed to him, to correct the omissions and errors in his return.

We are of the opinion that the officer's return, amended according to his motion, would still be insufficient.

An officer's return on process of every kind should state that he has performed what the mandatory part of the process required of him.   It should contain a statement of the acts which he has done under and by virtue of it, and the place and the time when and where they were done.   His office is simply ministerial.   Hence it is insufficient for him to return that he has duly or legally served the process committed to him.   He should set forth what he did, and when and where, and leave the question of the legality of his proceedings to some judicial tribunal.

Jeremiah Sheldon, Jr., *v.* Gilbert B. Comstock.

Where the law prescribes any particular forms or proceedings in the service of process, the return of the officer should show that they were specifically complied with. The return should set them forth as fully and circumstantially as though they had been specially required in the mandatory part of the process. All this should be in the return, and as a general thing nothing more. But if more be added, although it may not vitiate the return, it will not be considered as part of it. The facts essential to a return are taken as conclusively proved, if stated in it, except in those cases where express provision to the contrary is made by statute, and except in suits against the officer making it for a false return. The return of the officer is the only proper evidence to prove those facts. If other facts are contained in the return, they are to be rejected. The officer's return is no proper evidence of their truth.

In the present case the law required the officer making the attachment, immediately after making it, " to leave an attested copy of the writ, with a copy of his doings thereon, at the defendant's usual place of abode, with some person there." The return as originally made, contains no averment of this fact and as proposed to be amended, it is equally faulty. No copy was left where the law required one should be left. The return, as amended, will state that the officer did leave a copy " by directions of the defendant with the defendant's attorney, Paul Todd, in whose hands defendant stated his affairs to be placed." No law required the officer to do this. It was no part of his duty. The facts set forth form no essential part of his return. They are not therefore proved by the return. The facts therefore do not

Jeremiah Sheldon, Jr., *v.* Gilbert B. Comstock.

exist—but if they existed would not constitute a sufficient return to the writ.

The plaintiff's counsel contended that the statute afore referred to gives a reason for the leaving of a copy, to wit: "that the defendant may have knowledge of the suit," and that it appears by the return that the defendant did have actual knowledge of the suit, and did direct where the copy should be left, and that it was left there.

Two sufficient answers to this suggestion appear in the general principles hereinbefore recited. First—the officer's return is no evidence of these facts, they not being necessary parts of a sufficient return to his writ. And second—if taken to be true, they are not the formalities required by law, nor even a substantial compliance with the law. Courts are required to infer a knowledge of the suit in the defendant when the requisites of the law are complied with. If they should infer it from the statements of the officer in his return, which are not required of him, but which would seem to imply more certain knowledge than the bare leaving a copy at the defendant's usual place of abode, ought not a similar inference to be drawn from the same facts proved by other witnesses, or from other facts some way established, involving a little less certainly? If so, how much less? The only safe construction is a substantial compliance with the statute requisitions, established by the proper evidence.