166 A.2d 227 (1960)
Michalina MACZUGA
v
AMERICAN UNIVERSAL INSURANCE COMPANY.
Walter MACZUGA
v.
AMERICAN UNIVERSAL INSURANCE COMPANY.
M. P. No. 1356.
Supreme Court of Rhode Island.
December 22, 1960.
Motion to Reargue Denied January 5, 1961.
*228 Martin M. Zucker, Providence, for petitioner American Universal Ins. Co.
Edward L. Gnys, Jr., Providence, for respondents Michalina and Walter Maczuga.
POWERS, Justice.
This is a petition for certiorari brought by a defendant corporation to review the rulings of a superior court justice sustaining the plaintiffs' demurrers to its pleas in abatement in two actions of trespass on the case. The writ was issued and in compliance therewith the records have been duly certified to this court.
The petition recites that the respondents who are husband and wife are the plaintiffs in separate actions of trespass on the case and that the petitioner is the defendant in each case. The writ brought up the records in both cases, but since the facts and issues are the same in each case and our decision in either one is applicable to the other, we shall consider the petition only as it relates to Michalina Maczuga.
It appears from the record that on December 8, 1958, said Michalina Maczuga was operating her husband's automobile northerly on Bloomfield street in the city of Pawtucket when it became involved in a collision with a motor vehicle operated by one Eugene J. Bessette; that she suffered serious injuries as a result of what she alleges to have been the negligence of said Bessette; that she caused her writ to be issued against Bessette in an action of trespass on the case; and that said writ was returned non est inventus by the sheriff in whose hands it had been placed for service.
The return of the sheriff as recited in the respondent's amended declaration is as follows:
"Providence, Sc., September 11, 1959, have made due and diligent search within my precinct for the within named defendant and being unable to locate the said defendant there being no other last and usual place of abode of said defendant known to me within my precinct or the State of Rhode Island, and no address to be ascertained by me, I herewith return writ, non-est inventus.
S/ Frank DeMarco, Deputy Sheriff."
It further appears that at the time of the collision, Bessette was covered by a policy of insurance issued by the petitioner and on the return of the writ non est inventus, the respondent Michalina Maczuga issued her writ in an action of trespass on the case against the petitioner directly, pursuant to the provisions of general laws 1956, § 27-7-2. The pertinent provisions of said section are as follows:
"Such injured party, or, in the event of his death, the party entitled to sue therefor, in his suit against the insured, shall not join the insurer as a defendant. If, however, the officer serving any process against the insured shall return said process `non est inventus,' the said injured party, and in the event of his death, the party entitled to sue therefor, may proceed directly against the insurer."
After a hearing in the superior court on the original pleadings, the respondent filed an amended declaration to which petitioner filed a plea in abatement and to said plea respondent demurred.
The petitioner's plea in abatement sets out that by its terms § 27-7-2 limits the bringing of suit directly against the insurer to those instances where the tort feasor is a resident of Rhode Island, but upon whom service cannot be had in this jurisdiction; that said Bessette can be served in this state giving as his address 231 Benefit street, Pawtucket, Rhode Island, and identifying his place of employment within this state; that respondent has been so advised; that it *229 is ready to verify its plea; and prays judgment of both writ and declaration that they may be quashed.
The respondent's demurrer denies that § 27-7-2 is as restrictive as the plea alleges, sets out the pertinent language of the statute, avers that the plea is insufficient in law to quash the writ and declaration and prays judgment respondeat ouster. The pleadings were argued before a superior court justice who sustained the demurrer and gave petitioner two weeks in which to plead over or demur to the declaration.
The petitioner briefs and argues two issues, namely, that the question is properly before us on certiorari and that the superior court was without jurisdiction, or acted in excess thereof, in sustaining the demurrer.
Prescinding from any consideration of whether the petitioner has an adequate remedy at law, we deem it advisable in the circumstances of the case to exercise our discretion favorably to a review on certiorari.
The petitioner has framed the remaining issue before us in the following language: "A Plaintiff May Not Sue an Insurance Carrier Directly When the Insured, the True Defendant, is a Resident of Rhode Island, Whose Address in Rhode Island is Known by the Plaintiffs' Attorney, Where the Sheriff Makes a Non Est Inventus Return." It is obvious that the issue as thus framed makes no distinction between knowledge of Bessette's residence within the state prior to the return non est inventus, and such knowledge subsequently acquired. We think the distinction to be significant.
It appears from the record that in the instant case the writ issued against the insured Bessette was returned non est inventus on September 11, 1959. The writ issued against the petitioner was returned November 10 of that year and it is admitted that it was not until March 1960 that respondent's counsel was informed by counsel for the petitioner that Bessette was in fact residing on Benefit street in the city of Pawtucket in this state.
The question then is whether such knowledge, acquired subsequent to the commencement of the action against the insurer petitioner, is grounds for dismissal of the respondent's cause of action.
The petitioner argues vigorously that the answer should be in the affirmative. It contends that the legislature has established a policy specifically designed to prohibit any reference during the course of the proceedings to the fact that an insurance company may be financially responsible for the negligence of a defendant in an action of tort. It cites several cases to that effect decided by this court. They are of no assistance to him, for in each such case the suit was against the tort feasor and not directly against the insurer as defendant.
The petitioner contends, however, that by the very language of § 27-7-2 the legislature has expressed an intention to prohibit suits in such circumstances as are present in the case at bar. It argues that this being so the court acted in excess of its jurisdiction when it failed to quash the respondent's writ and declaration and directed the petitioner to plead over or demur.
We think that petitioner's position is not well taken. Section 27-7-1 provides: "Every policy hereafter written insuring against liability for property damage or personal injuries or both, and every policy hereinafter written indemnifying any person by reason of such liability, other than payment of compensation under chapters 29 to 38, inclusive, of title 28, shall contain provisions to the effect that the insurer shall be directly liable to the injured party and, in the event of his death, to the party entitled to sue therefor, to pay him the amount of damages for which such insured is liable."
It is in the first sentence of § 27-7-2 that the legislature has placed a restraint on suits directly against the insurer, despite *230 the mandatory policy provisions contained in § 27-7-1.
The first sentence of § 27-7-2 provides: "Such injured party, or, in the event of his death, the party entitled to sue therefor, in his suit against the insured, shall not join the insurer as a defendant."
It is immediately followed, however, by the provision on which the respondent relies. "If, however, the officer serving any process against the insured shall return said process `non est inventus,' the said injured party, and in the event of his death, the party entitled to sue therefor, may proceed directly against the insurer." This unambiguous language does not reasonably submit to the construction contended for by the petitioner. If the legislature had intended that knowledge of the insured's availability for service within the state, acquired subsequent to the commencement of the case at bar, would be grounds to dismiss, it would have so provided at least by implication. The legislative language on which the respondent relied is unequivocal, and the respondent has complied with it. At least there is nothing in the record before us which would warrant any inference that attempts to obtain service on the insured in the first instance were not made in good faith. Absent such an inference, the petitioner has failed to show any ground for our holding that the superior court acted in excess of its jurisdiction.
The petition is denied and dismissed, the writ heretofore issued is quashed, and the records in both cases are ordered sent back to the superior court with our opinion endorsed thereon.

On Motion to Rearrgument.
PER CURIAM.
After our opinion in the above cases was filed, the petitioner asked and received permission to present a motion for leave to reargue. Pursuant thereto it has filed such a motion, stating therein certain reasons on which it bases its contention that justice requires a reargument of the cases.
We have carefully considered those reasons and we are of the opinion that they suggest nothing which in the circumstances warrants a reargument.
Motion denied.