LAWRENCE E. COLLIER *vs.* THE TRAVELERS INSURANCE COMPANY.

FEBRUARY 19, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

POWERS, J. This action of trespass on the case was brought to recover damages for personal injuries allegedly resulting from the negligent operation of a motor vehicle by the defendant's insured. The case was tried to a superior court justice sitting with a jury and resulted in a verdict for the plaintiff. It is before us on the defendant's bill of exceptions. In the view we take of the case, however, we deem it necessary to consider only those exceptions numbered sixteen to nineteen which are to certain portions of the trial justice's instructions to the jury.

The record establishes that on March 20, 1958 at or about 11 p.m. plaintiff was traveling southerly in the outside lane on South Washington street, also known as route 1, in North Attleboro, Massachusetts. It was snowing, visibility was poor, and there was some accumulation, all of which resulted in hazardous driving conditions.

The plaintiff testified that he was traveling approximately 20 miles an hour approaching the Red Rock motel when, rounding a curve north of the motel, he first observed a car as far south of the motel as he was north coming from the opposite direction; that it turned in front of him at a point opposite the entrance to the motel; and that, although he applied his brakes, his car skidded into the other broadside along the right front fender and door. At the moment of impact the front wheels of the other car were touching the gravel edge of the lane in which plaintiff was traveling.

It appears that the car struck by plaintiff was owned by

and registered to Julia A. Tavares, but operated by a Beatrice L. Lessard who, plaintiff alleged, described herself as Beatrice L. Lessaro. In this regard he stated that the operator gave him a paper, introduced as an exhibit, on which was hand printed the name Beatrice L. Lessaro, residing at 300 Lonsdale Avenue, Pawtucket, Rhode Island. The address, but not the name Lessaro, as thus given, is corroborated by the report of the North Attleboro, Massachusetts, police, officer John J. McCarthy of that department, and the testimony as it appears in the deposition of the operator. It is undisputed that at the time plaintiff commenced his action she was no longer residing in Rhode Island, but was, however, working at Cable Electric Products in Providence where she was also employed at the time of the accident.

Furthermore, plaintiff testified that prior to his commencement of an action against Beatrice L. Lessaro, he had learned either from the owner of the car or the instant defendant that there was some likelihood that the name of the operator was Beatrice Lessard. Indeed, there is in the record a statement made by plaintiff some eight months prior to the commencement of suit against Beatrice L. Lessaro, alias Jane Doe, in which the operator was referred to by name as Lessard.

The plaintiff was operating a motor vehicle furnished for his use by his employer and so sustained no property damage for which he could recover, assuming negligence on the part of the other operator. Apparently he did sustain personal injuries and on February 18, 1959 commenced suit against Beatrice L. Lessaro, alias Jane Doe, by a writ of summons in an action of trespass on the case. No reference to the defendant's address appears on the writ, nor does it appear that any was given to the sheriff, there being a complete absence of testimony in this regard. In any event, the writ was returned "non est inventus" and, pursuant to the provisions of G. L. 1956, §27-7-2, an action was com-

menced against defendant at bar. By the terms of a policy of insurance issued to the registered owner, defendant made itself liable for the negligence of one operating the car thus insured if operated with the consent of the insured, the policy referring to such an operator as an insured. That the operator was so authorized does not appear to have been questioned by defendant.

The provisions of §27-7-2 on which the present action is predicated are as follows:

> "Such injured party, or, in the event of his death, the party entitled to sue therefor, in his suit against the insured, shall not join the insurer as a defendant. If, however, the officer serving any process against the insured shall return said process 'non est inventus,' the said injured party, and in the event of his death, the party entitled to sue therefor, may proceed directly against the insurer. Said injured party, or, in the event of his death, the party entitled to sue therefor, after having obtained judgment against the insured alone, may proceed on said judgment in a separate action against said insurer; provided, however, that payment in whole or in part of such liability by either the insured or the insurer shall, to the extent thereof, be a bar to recovery against the other of the amount so paid."

The trial justice in his charge to the jury instructed them in substance, and correctly, that in order for plaintiff to prevail against the instant defendant he had the obligation to satisfy them that the writ sued out against Beatrice L. "Lessaro," and which had been returned "non est inventus," had been issued against the operator of the car under a name which she had adopted and by which she had identified herself to him. He made it clear that unless they were so satisfied, the present action could not be maintained against the instant defendant, stating that a writ which had been issued against the wrong person and returned "non est inventus" would not satisfy the requirements of the statute.

He further charged them, however, that if the operator's true name was "Lessard" and not "Lessaro" but they should find from all the evidence that she had been in the habit of referring to herself as Beatrice L. "Lessaro" and had so identified herself to plaintiff, a writ sued out against Beatrice L. "Lessaro," alias Jane Doe, would meet the requirements of the statute and if the service thereof were returned "non est inventus," plaintiff could properly bring suit directly against the defendant insurer.

Continuing, he further advised the jury that at common law a person might use two or more names, and could be held responsible under any of such names by one to whom he owed a legal obligation and to whom he was known by the name under which he was sued.

To these instructions, as given in full, and which for the purpose of brevity we have summarized, defendant took four exceptions. It contends in support thereof that under the instructions as given the jury could believe, and apparently did believe, that if they found the operator had not intentionally identified herself as Beatrice L. "Lessaro" but rather had inadvertently given that name to plaintiff, he would have been justified in bringing suit against her in the first instance under the name thus used inadvertently. Moreover, it argues, that there was no evidence that Beatrice L. "Lessard" was in the habit of using the name "Lessaro," and absent such evidence this phase of instructions to the jury constituted reversible error.

In our judgment there is merit in this latter contention. There is no evidence that she had ever identified or referred to herself by the surname "Lessaro" except in the single instance that the same appears on the hand-printed paper which she purportedly gave to plaintiff at the time of the accident.

Further, although we do not hold that the trial justice was in error when he instructed the jury that a person may be

liable under more than one name if one of such names is that by which he is known to plaintiff, we are of the opinion that the instructions were lacking in a vital particular. The question before the jury was not whether, on the weight of the evidence relating to the operator's identification of herself as Beatrice L. "Lessaro," suit could be successfully maintained against Beatrice L. "Lessard" on a writ issued against her under the surname "Lessaro." Rather, it was whether in the light of all of the evidence the jury could find that plaintiff had made an effort to obtain service against the operator in the good faith to which we referred in *Maczuga* v. *American Universal Ins. Co.*, 92 R. I. 76, 166 A.2d 227.

There the plaintiff brought suit directly against the insurer after a writ issued against the operator had been returned "non est inventus." The defendant insurer entered a plea in abatement, averring that the operator was residing in Rhode Island at an address different from that which had been given to the plaintiff; and that the defendant insurer was in possession of knowledge relating to the operator's true residence and would make the same available to the plaintiff. The plea prayed that the writ issued be quashed. The plaintiff demurred and the demurrer was sustained by the superior court.

Reviewing that case by way of certiorari, we held in 92 R. I. 76, 81, 166 A.2d 227, 230: "If the legislature had intended that knowledge of the insured's availability for service within the state, acquired subsequent to the commencement of the case at bar, would be grounds to dismiss, it would have so provided at least by implication. The legislative language on which the respondent relied is unequivocal, and the respondent has complied with it. At least there is nothing in the record before us which would warrant any inference that attempts to obtain service on the insured in the first instance were not made in good

faith. Absent such an inference, the petitioner has failed to show any ground for our holding that the superior court acted in excess of its jurisdiction." Thus we implied, and now categorically declare, that the element of a good-faith effort to obtain service on the tortfeasor, or one responsible for his negligence, is a circumstance to be considered by the jury whenever, as here, the defendant on trial is an insurer against whom suit has been commenced pursuant to the provisions of §27-7-2.

As thus used, "good faith" connotes something more than the affirmative absence of fraud. It presupposes a reasonably diligent effort to obtain service on the insured such as would be made if no question of insurance were involved.

Although by §27-7-1 the legislature has made the insurer directly liable to the injured party, it has by §27-7-2, on the authority of a portion of which plaintiff commenced the present action, expressly prohibited the joining of the insured and the insurer as parties defendant. If it had not intended, as a matter of public policy, to require an injured person to pursue every reasonable possibility of litigating his action for damages against an insured tortfeasor in the first instance before resorting to an action against the insurer of such tortfeasor, it could have provided for suit against the insurer directly. See *Lang* v. *Baumann*, 213 Wis. 258, *Twichell* v. *Hetzel*, 145 Kan. 139, and 8 Appleman, Insurance Law and Practice, §4862.

Instead, the general assembly has limited the right to bring an action directly against the insurer of a tortfeasor to two specified sets of circumstances. One is that upon which plaintiff at bar relies, and the other is where a judgment has first been obtained in an action brought against the insured tortfeasor. In such an action, however, the liability of the insured has already been determined and the damages which can be recovered have already been fixed, uninfluenced by the circumstances that an insurance company will be answerable in the final reckoning.

Passing upon the prohibition against joining the insurance company in an action against the tortfeasor, this court in *Miller* v. *Metropolitan Casualty Ins. Co.*, 50 R. I. 166, indicated that the provision was for the protection of the insurer. Later, in *Lavigne* v. *Ballantyne*, 66 R. I. 123, 127, commenting upon the position taken in the *Miller* case, we said: "However this may be, we are of the opinion that such provision was intended to make certain that the jurors would decide the case against an insured defendant on its merits as shown only by proper evidence, and not on any consideration that an insurer rather than the defendant personally would pay whatever damages might be assessed against him."

Clearly then, prior to commencing action directly against the insurer by reason of a "non est inventus" return, there is an obligation on plaintiff to have first reasonably exhausted the possibility of litigating the case on its merits in an action against the insured. Whether such an effort was made is a question of fact for the trier thereof in each instance.

We hold therefore that the instant case should be remitted to the superior court for a new trial under proper instructions and in accordance with the rule set forth herein.

The defendant's exceptions numbered sixteen to nineteen are sustained and the case is remitted to the superior court for a new trial.

ROBERTS, J., concurring. I concur in the decision to remit this case to the superior court for a new trial on the merits for reasons in addition to those stated by Mr. Justice Powers. It is my opinion that the trial justice erred in sustaining the plaintiff's objections to inquiries made in cross-examination of the plaintiff as to whether he had instituted an action against Julia A. Tavares, the owner of the car involved and the person to whom the policy of insurance was issued. If such evidence established that plaintiff had

instituted an action against her for injuries resulting to him arising out of this same accident, it would raise a substantial question as to whether the action directly against the insurer upon a return of process non est inventus provided in the statute would be available to him.

In *Maczuga* v. *American Universal Ins. Co.*, 166 A.2d 227, 92 R. I. 76, the plaintiff, injured in an automobile collision, had issued her writ against the defendant operator of the other car involved therein. This writ was subsequently returned non est inventus by the officer, who set out in his return, in substance, that he was unable to find the defendant operator within his precinct. Pursuant to the provisions of G. L. 1956, §27-7-2, the plaintiff then brought her action directly against the insurance company that had insured the defendant operator. The defendant insurer thereafter filed a plea in abatement, alleging therein that the defendant operator was within this state and living at an address in Pawtucket where, at that time, he could be served with process. To this plea the plaintiff demurred, and after a hearing thereon the demurrer was sustained on the ground that the acquisition of information by the plaintiff as to the whereabouts of the defendant operator after the issuance of her first writ and a return thereon non est inventus was not a ground for a dismissal of the action that she had brought pursuant to the pertinent provisions of said §27-7-2. In other words, this court noted that the issue raised was not whether the writ returned non est inventus had been issued in bad faith but whether subsequent availability of the defendant operator for service divested the court of jurisdiction in the later suit.

In my opinion *Maczuga* clearly stands for the proposition that when the court obtains jurisdiction to hear and determine an action brought directly against the insurer by virtue of the pertinent provisions of §27-7-2, that court will not be divested of such jurisdiction by reason of the sub-

sequent availability for service of process of the defendant named in the writ returned non est inventus, and this though such defendant is made available by the defendant insurer. We noted therein that had the legislature intended to divest the court of the jurisdiction acquired upon the return of the writ non est inventus by a disclosure that the defendant named in such writ was now available for service, it would have so provided.

In the instant case defendant insurer argues under its exceptions numbered 4 and 5 that if plaintiff had an action pending against the owner, he could have heard and determined therein all the issues that could be heard in an action brought against the insurer directly and, therefore, the statute under consideration does not contemplate that the remedy of a direct action against the insurer would be available to a plaintiff who had pending an action against the owner. In these circumstances the issue is one of statutory construction, that is, whether the legislature intended in §27-7-2 to vest jurisdiction in the superior court to hear and determine a case brought directly against the insurer by a plaintiff who then had pending an action against the owner arising out of the same transaction.

I am constrained then to conclude that the evidence excluded by the trial justice concerning the pendency of an action brought by the plaintiff against the owner in this case could well establish a fact situation that would be relevant and material on the question of the jurisdiction of the superior court to hear and determine the instant case by virtue of the provisions of §27-7-2. It is well settled that questions going to the jurisdiction of a court over the subject matter of an action pending before it may be raised by either party or by the court on its own motion at any time during the course of the proceedings prior to judgment. *Landry* v. *Cornell Construction Co.,* 87 R. I. 4; *State Loan Co.* v. *Barry,* 71 R. I. 188. It is, therefore, my opinion that the rulings of the trial justice sustaining objections to the

questions asked by the defendant on cross-examination of the plaintiff deprived said defendant of an opportunity to establish facts upon which it could have raised a question as to the jurisdiction of the court to proceed further in the matter and for this reason constituted prejudicial error.

JOSLIN, J., concurs in the concurring opinion of Mr. Justice Roberts.

*Gunning & LaFazia, Bruce M. Selya, Edward L. Gnys, Jr.,* for plaintiff.

*Boss, Conlon, Keenan, Bulman & Rice, John T. Keenan,* for defendant.