240 A.2d 405.

COLUMBUS ORNAMENTAL IRON WORKS, INC. *vs.*
GEORGE H. MARTIN *et al.*

APRIL 1, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This case is before us on the plaintiff's appeal from a judgment entered against it at a pretrial conference by a justice of the superior court. The pertinent facts are as follows. On January 4, 1966, the plaintiff commenced an action against the defendants for goods sold and delivered. The defendants' answer denied that they were indebted to the plaintiff. Subsequently, on February 11, 1966, and pursuant to rule 56 (b), (c), of the rules of civil procedure of the superior court, defendants filed a motion for summary judgment accompanied by a supporting affidavit. The plaintiff filed a motion objecting to the defendants' motion for summary judgment and chose to rely on its pleading in support thereof.

On February 21, 1966, defendants' motion was heard with plaintiff offering no testimony to rebut the motion. After a brief hearing, the trial justice denied defendants' motion to which defendants duly objected.

The case was thereafter assigned for pretrial hearing to May 24, 1967 at 10 a.m. The plaintiff's attorney was not present when the case was called ready and did not appear

until 10:20 a.m. After noting the absence of plaintiff's attorney, the trial justice commenced the hearing. Upon reviewing the record, he took cognizance of the affidavit supporting defendants' motion for summary judgment which had been previously denied and granted the same. Judgment was thereupon entered for defendants.

The plaintiff alleges that it had no notice that defendants' motion for summary judgment would be decided at the pretrial hearing; that it did not consent to the entry of said judgment; and that there was neither a hearing in open court nor a record of the evidence with the exception of a record of docket entries made by the clerk of the court.

The plaintiff bases its appeal on three grounds. It maintains that a justice at a pretrial hearing cannot grant an interlocutory motion previously denied by another justice of the same court; that a judgment cannot be entered at a pretrial hearing without the agreement or consent of the party against whom judgment is rendered; and that a pretrial conference cannot serve as a hearing on the merits of a case without a hearing in open court and absent a record of testimony or evidence. For reasons soon to become apparent, we shall treat plaintiff's contentions in the above-stated order.

In granting defendants' motion for summary judgment, the justice at the pretrial conference violated the doctrine of the law of the case as it is set forth in *Payne* v. *Superior Court,* 78 R. I. 177, 80 A.2d 159, petition for reargument denied, 78 R. I. 188, 82 A.2d 167. In that case we said at 183, 80 A.2d at 163:

> "There is a sharp diversity of judicial opinion in this country as to whether that doctrine [law of the case] is applicable to a prior decision or ruling on an interlocutory matter. Except in cases involving the exercise of discretion by the first judge, the weight seems to be in favor of the view that the second justice is free to decide the question according to his own con-

ception of the applicable law without regard to the decision of the first justice. *Peterson* v. *Hopson,* 306 Mass. 597, 132 A.L.R. note p. 14. There is, however, respectable authority to the contrary. Each view concedes that in extraordinary instances exceptions may be made.

> "We adhere to the latter view and especially so in cases involving the exercise of discretion by the first justice. * * * Where a pure question of law is involved, ordinarily the second justice should not, if the same question is presented to him in the same manner, review the action of the first justice. However, he is not bound to follow the reasons given by the first justice for his decision if the question again arises in a different manner during the trial. * * *"

We then went on to explain our reasons for adopting this view and concluded at 184, 80 A.2d 163, that it was a rule of policy and convenience which

> "* * * ought to be adhered to for the principal reason that it is designed to promote the stability of decisions of judges of the same court and to avoid unseemly contests and differences that otherwise might arise among them to the detriment of public confidence in the judicial function. * * *"

The denial of a motion for summary judgment is an interlocutory order involving a pure question of law rather than an exercise of discretion. 3 Barron and Holtzoff, §1242. It therefore follows that the justice at the pretrial conference erred in granting the defendants' motion for summary judgment when that motion had previously been denied by another justice of the same court. See also *Rhode Island Co.* v. *Superior Court,* 42 R. I. 5, 104 Atl. 634; *N. Y., N. H. & H. R.R.* v. *Superior Court,* 83 R. I. 292, 115 A.2d 534.

In view of this conclusion, we find it unnecessary to discuss the plaintiff's remaining contentions.

The plaintiff's appeal·is sustained and the judgment appealed from is reversed.

*Felix A. Appolonia* (for plaintiff-appellant).

*Abraham Goldstein* (for defendants-appellees).