388 A.2d 1367.

Vera Aquilante *et al. v.* Empire Mutual
Insurance Company.

JULY 17, 1978.

Present: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

JOSLIN, J.   This civil action for negligence was brought in the Superior Court by the plaintiffs, Vincent J. and Vera Aquilante, husband and wife, to recover damages for injuries sustained as a result of the negligent operation of a truck owned by Anthony Ventura and operated by Anthony Caruso. As originally instituted, the suit named Ventura and Caruso as defendants, Attempts to serve them were unsuccessful, and the officer charged with making that service returned the process marked "non est inventus." Thereupon the plaintiffs commenced this direct action against Empire Mutual Insurance Company (Empire), the alleged insurer of the truck, in reliance upon G.L. 1956 (1968 Reenactment) §27-7-2.[1] That enactment permits an injured party to proceed directly against an insurer if the process which originally issued against its insured has been returned "non est inventus" by the officer charged with its service. The case was tried to a jury in the Superior Court and, at the close of the plaintiffs' case, the trial justice directed a verdict for the defendant. The plaintiffs appealed.

In directing a verdict for Empire, the trial justice relied on the dual grounds that   (1) plaintiffs and their attorney had not made a reasonably diligent effort to obtain service of the summons and complaint on the insured before commencing the action against Empire; and (2) the truck was not a covered vehicle within the terms of the policy issued by Empire. Under our view of the case only the first ground

---

[1]General Laws 1956 (1968 Reenactment) §27-7-2 provides that:

"Such injured party, or, in the event of his death, the party entitled to sue therefor, in his suit against the insured, shall not join the insurer as a defendant. If, however, the officer serving any process against the insured shall return said process "non est inventus," the said injured party, and in the event of his death, the party entitled to sue therefor, may proceed directly against the insurer. Said injured party, or, in the event of his death, the party entitled to sue therefor, after having obtained judgment against the insured alone, may proceed on said judgment in a separate action against said insurer; provided, however, that payment in whole or in part of such liability by either the insured or the insurer shall, the the extent thereof, be a bar to recovery against the other of the amount so paid."

requires discussion. In considering that ground, we recognize that the evidence may not be weighed or the credibility of the witnesses considered, and that it is incumbent upon us, as it was upon the trial justice, to consider that evidence and the inferences reasonably deducible therefrom in the light most favorable to the party against whom the motion was made. *Evans* v. *Liguori*, 118 R.I. 389, 394, 374 A.2d 774, 776 (1977).

The evidence so viewed discloses that on December 27, 1970, an automobile owned and operated by Vincent Aquilante, in which his wife Vera was a passenger, was allegedly struck by a tailgate that fell from a 1965 green Ford stake body truck which was traveling in the opposite direction on a public highway in Providence. The truck continued on its way, but soon returned to the scene of the incident. The operator then identified himself as Anthony Caruso, and he showed plaintiffs a driver's license bearing the name of Anthony Ventura from whom he said he had borrowed it. He also exhibited a motor vehicle registration for the truck. It, like the operator's license, was in Anthony Ventura's name. Finally, he produced a card which identified Empire as the truck's insurer.

A few days later Vera contacted both Empire and Ventura's insurance agent and learned the insurance policy had been issued in the name of George Phanoeuf of 294 Atwells Avenue and that Phanoeuf and Ventura were one and the same person. She also was informed by the Registry of Motor Vehicles that the registration plate that was displayed on the truck on the day of the event had been issued to Anthony Ventura of 18 Crout Street, Providence.

Not long thereafter the Aquilantes retained an attorney, and they gave him the information that Vera had gathered. The attorney then instituted a civil action against Caruso and Ventura by delivering to the sheriff a summons and complaint together with the addresses at which service thereof might be made. When the process was not returned within a

reasonable time, the attorney inquired of the sheriff's office and was advised that the Crout Street address given for Ventura was a vacant lot, the building previously located thereon having been demolished in 1968, and that Caruso could not be found at the address furnished by him even at unusual hours.[2]

No other address at which Ventura or Caruso might be served was forthcoming from plaintiffs' attorney, and accordingly, the sheriff concluded that service could not be made and he returned the process marked "non est inventus." The attorney then checked further with the Registry of Motor Vehicles and in the telephone and city directories in an attempt to find an address for Ventura. When those attempts were unsuccessful he commenced this action.

The trial justice assumed that a good faith effort was made to serve Caruso; the question that remains is whether a reasonable person could conclude that plaintiffs and their attorney made a comparable effort to serve Ventura. *Lemieux* v. *American Universal Insurance Co.*, 116 R.I. 685, 699-700, 360 A.2d 540, 547 (1976); *Petitpas* v. *Merchants Mutual Insurance Co.*, 103 R.I. 479, 483, 238 A.2d 750, 753 (1968); *Collier* v. *Travelers Insurance Co.*, 97 R.I. 315, 320, 197 A.2d 493, 495 (1964). Unless the evidence yields to that conclusion, the trial justice did not err in directing a verdict for defendant. *Harter* v. *Home Indemnity Co.*, 111 R.I. 340, 353, 302 A.2d 793, 800 (1973).

To establish their good faith plaintiffs rely on having furnished the sheriff with a single address, obtained from the Registry of Motor Vehicles, and on the sheriff's testimony that 294 Atwells Avenue was the site of a restaurant with which, to his knowledge, Phanoeuf was not associated. They argue also that their attorney had checked the city and telephone directories, but to no avail, and that he had personally

---

[2]Had the sheriff been able to serve either Caruso or Ventura, §27-7-2 would not have permitted a direct suit against Empire.

verified that the Crout Street address was a vacant lot. They therefore urge that we accept the attorney's explanation that further attempts to locate Ventura would have been "an exercise in futility."

The plaintiffs' efforts and those of their attorney to make possible service of process might have passed muster and a directed verdict have been avoided had the person to be served been known only as Anthony Ventura. The evidence, however, is uncontradicted that Ventura is also known as George Phanoeuf. Yet there is not even a suggestion that plaintiffs or their attorney made any inquiries or investigation reasonably classifiable as a good faith effort to locate George Phanoeuf or to serve him with process.

"Good faith," we said in *Collier* v. *Travelers Insurance Co.,* 97 R.I. at 321, 197 A.2d at 496, connotes "something more than the affirmative absence of fraud. It presupposes a reasonably diligent effort to obtain service on the insured such as would be made if no question of insurance were involved." To satisfy that test required a diligent effort to effect service on Ventura under his alias, Phanoeuf. That effort was not made, and consequently the plaintiffs are precluded from naming Empire as the defendant in this suit.

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed and the case is remanded to the Superior Court.

*Temkin, Merolla & Zurier, Amedeo C. Merolla, Norbert Fessel,* for plaintiff.

*Keenan, Rice, Dolan, Reardon & Kiernan, John W. Kershaw,* for defendant.