**MILOT BROTHERS COMPANY, INC.**

v.

**Jerome SMITH.**

**No. 80–184–Appeal.**

Supreme Court of Rhode Island.

July 21, 1982.

William G. Savastano, North Smithfield, for plaintiff.

Mark L. Smith, Woonsocket, for defendant.

OPINION

**WEISBERGER, Justice.**

This case comes before us on appeal from orders entered in the Superior Court denying the plaintiff's motion for sanctions to be imposed upon the defendant for filing an affidavit in opposition to a motion by the plaintiff for summary judgment. The plaintiff contends that said affidavit was filed in violation of Rule 56(g) of the Superior Court Rules of Civil Procedure.[1] In accordance with the terms of that rule, the plaintiff contends that it is entitled to be paid the amount of the reasonable expenses that the filing of the affidavits caused it to incur, including reasonable attorney's fees. The plaintiff also asserts that defendant should be held in contempt. A justice of the Superior Court denied the plaintiff's application for such relief after an evidentiary hearing. Thereafter another justice of the Superior Court denied a later motion seeking the same relief pursuant to the doctrine of the law of the case. The facts underlying this controversy are as follows.

The plaintiff corporation is in the business of selling lumber and building materials. The president of plaintiff corporation, Aram Fleurant, was the next-door neighbor of defendant. The defendant ordered various lumber materials from plaintiff. In August 1977, when payment was clearly not forthcoming, plaintiff brought a civil action against defendant for goods sold and delivered. After trial in the Seventh Division

---

1. Rule 56(g) of the Superior Court Rules of Civil Procedure provides as follows:

   "Affidavits Made in Bad Faith. Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt."

District Court, a judgment was entered in favor of plaintiff. The defendant appealed to the Superior Court. Thereafter, plaintiff filed a motion for summary judgment supported by an affidavit executed by Aram Fleurant. The defendant filed an objection to the motion for summary judgment supported by an affidavit executed by him. The essential element of this affidavit was a statement by defendant that he was acting, not on his own behalf in ordering these supplies, but on behalf of a disclosed principal, Robert M. Coontz.

As a result of the filing of this objection and the affidavit in support thereof, a justice of the Superior Court denied the motion for summary judgment on December 14, 1977.

On January 19, 1978, plaintiff filed a motion for attorney's fees and other relief pursuant to Rule 56(g). After an evidentiary hearing, this motion was denied. The plaintiff then filed a petition for writ of certiorari to review the denial of this motion. On January 17, 1980, this court denied the petition for certiorari. On February 8, 1980, a third justice of the Superior Court, after trial, entered judgment for plaintiff in the sum of $4,098.13 and denied and dismissed defendant's counterclaim. In his decision this justice determined that defendant Smith was the partner of Robert Coontz.[2] This judgment was not appealed. Thereafter, plaintiff renewed its motion for sanctions pursuant to Rule 56(g), and said motion was denied by a fourth justice of the Superior Court on the ground that the first decision pursuant to said motion constituted the law of the case.

■ There is no question that a Superior Court justice may impose sanctions under Rule 56(g) in the event that the court is convinced that the party employing affidavits was acting in bad faith for the purpose of delay. 10 Wright & Miller, *Federal Practice and Procedure:* Civil § 2742 at 741–43 (1973). Such sanctions are to be imposed at the discretion of the court.

*Clark v. Hancock,* 45 F.R.D. 512, 514–15 (D.Ga.1968). In the case at bar a justice of the Superior Court determined, after hearing, that the affidavit had not been filed in bad faith or solely for purposes of delay, and he therefore denied the motion for sanctions.

■ Even though the third justice of the Superior Court ultimately rendered judgment for plaintiff and rejected the defenses interposed by defendant, we cannot say, after examination of the record, that the justice who made the determination on the motion for sanctions was clearly wrong or abused his discretion. Similarly, there was nothing presented to the fourth justice of the Superior Court which would require him to reopen for de novo consideration a matter that had previously been decided by a justice of coordinate jurisdiction. *See Columbus Ornamental Iron Works, Inc. v. Martin,* 103 R.I. 620, 621–22, 240 A.2d 405, 406 (1968); *Payne v. Superior Court,* 78 R.I. 177, 184–85, 80 A.2d 159, 163–64 (1951).

The plaintiff further asserts that the decision of the justice who decided against the imposition of sanctions was the product of personal bias. We have examined this record and find that the motion justice candidly admitted his acquaintance with the defendant's family and offered to recuse himself if the plaintiff's counsel so requested. This offer to recuse was declined by both parties. There is utterly no indication on this record that the motion justice did otherwise than to render a determination that was based upon his conscientious view of the evidence. There is moreover in the record no sign of bias or prejudice. Insofar as we understand the plaintiff's argument, it seems to assert that a decision adverse to its contentions could only have been rendered if the motion justice were biased. This claim is without merit.

For the reasons heretofore stated, the appeal of the plaintiff is denied and dismissed. The orders of the Superior Court

---

**2.** Neither party filed a copy of the trial justice's decision. The defendant's brief and both parties at oral argument, however, indicate that the trial judge found defendant to be a partner of Robert Coontz.

denying relief under Rule 56(g) are affirmed. The papers in the case may be remanded to the Superior Court.

MURRAY and SHEA, JJ., did not participate.