Ronald GOODMAN et al.

v.

William D. TURNER, et al.

No. 83–66–Appeal.

Supreme Court of Rhode Island.

July 17, 1986.

Anthony M. Gallone, Joseph F. Penza, Jr., Olenn & Penza, Providence, for plaintiff.

Edward L. Gnys, Jr., Gunning LaFazia & Gnys Inc., Providence, for defendants.

## OPINION

SHEA, Justice.

This case is here on appeal from an order granting defendants' motion to dismiss under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure holding that plaintiffs' return of process was not a "non est inventus"[1] return, a condition precedent to bringing a direct action against an insurer under G.L.1956 (1979 Reenactment) § 27–7–2.[2] Prior to this ruling, however, defend-

---

1. The term "non est inventus" is defined as "not found." Black's Law Dictionary, 950 (5th ed. 1979).

2. General Laws 1956 (1979 Reenactment) § 27–7–2 provides in pertinent part:

"Such injured party, or, in the event of his death, the party entitled to sue therefor, in his suit against the insured, shall not join the insurer as a defendant. If, however, the officer serving any process against the insured shall return said process 'non est inventus,' or where before suit has been brought and pro-

ants' motion for summary judgment based on the same argument had been denied by another Superior Court justice. Because the same issue was presented and decided adversely to defendants in that motion, the law-of-the-case doctrine precluded the second justice from deciding the same issue a second time. We reverse.

The facts are undisputed. On April 7, 1977, plaintiffs Ronald Goodman and his wife, Christine Goodman, filed a complaint against defendants William D. Turner and Peerless Insurance Company to recover for personal injuries and property damage allegedly sustained when their automobile was struck on December 25, 1975, by an automobile owned and operated by defendant Turner. The complaint recited that "[p]laintiffs attempted to commence suit against defendant, William D. Turner, but were unsuccessful in obtaining service of process, Providence County Sheriff's Department No. 77–6523."

The plaintiffs' attorney, in a letter to the Providence County sheriff's office dated February 23, 1977, had requested that service of process be made on defendant Turner at his address, Leigh Road, R.F.D. 5, Cumberland, Rhode Island. Sometime thereafter, the summons was returned to plaintiffs' attorney stamped "Received February 25, 1977 Providence County Sheriff's Office" and "77–6523." The cover letter from plaintiffs' attorney to the sheriff's office accompanied the returned summons with the following writing at the bottom of the page:

"Ret. to atty. Went up and down road cannot find his name on any mailbox. Talked to a couple of people and they don't know him. Please get house or Pole No. #."

The defendant Peerless Insurance Company filed an answer to plaintiffs' complaint on April 19, 1977, and at that time did not raise the issue of a non est inventus return. On October 8, 1981, more than four years after filing its answer, Peerless filed the motion for summary judgment arguing that plaintiffs had failed to comply with the condition precedent to bringing a direct action against an insurer under § 27–7–2 because the sheriff's return of service did not meet the requirements of a non est inventus return.

■■ Ordinarily, the filing of an answer without challenging the service of process by way of a motion to dismiss or some other appropriate challenge to the personal jurisdiction would constitute a waiver. In this situation, however, the non est inventus return is a condition "sine qua non" to maintaining the direct action against the insurer under § 27–7–2. Therefore, the issue involves more than defective service causing lack of personal jurisdiction. The lack of the required non est inventus return raises a question involving the absence of a statutorily created condition precedent, which can be raised by the parties or the court at any time.

Later, plaintiffs' attorney filed an affidavit on November 12, 1981, in which he attested that a search of the Land Evidence Records at the Cumberland Town Hall revealed that defendant William Turner had conveyed his land by deed on May 10, 1976, and moved to Kentucky. The plaintiffs' attorney further attested that his efforts to locate Mr. Turner's Kentucky address through telephone-directory assistance were unsuccessful.

■ In a hearing on the motion for summary judgment held on November 10, 1981, the motion-calendar justice dismissed defendants' contentions that § 27–7–2 requires that non est inventus be written on the summons itself. He denied defendants'

motion on grounds that the intent of the law only required that "a sheriff [make] some type of notification to a party that he can't locate him." We believe he was correct in holding that the return did not have to be on the summons itself to be valid.

The case was assigned to another justice for trial. On May 11, 1982, that trial justice heard defendants' motion to dismiss the complaint under Rule 12(b)(6). Again, the question presented was the lack of a non est inventus return.

The trial justice stated that defendants' motion to dismiss the complaint for failure to state a claim upon which relief could be granted was one also "alleging a lack of jurisdiction." He granted the motion to dismiss and based this ruling on the fact that "[a]n unsigned, undated request for further information is, as a matter of law, incapable of being elaborated into a return adequate to trigger the provisions of § 27-7-2."

■ To begin with, the "law of the case" is a well-established doctrine in this jurisdiction. *Salvadore v. Major Electric & Supply, Inc.*, 469 A.2d 353 (R.I.1983); *Rhode Island Hospital Trust National Bank v. National Health Foundation*, 119 R.I. 823, 384 A.2d 301 (1978); *Payne v. Superior Court*, 78 R.I. 177, 80 A.2d 159, *reh. denied*, 78 R.I. 188, 82 A.2d 167 (1951). The cases discussing this doctrine make clear that

"after a judge has decided an interlocutory matter in a pending suit, a second judge, confronted at a later stage of the suit with the same question in the identical manner, should refrain from disturbing the first ruling. *State v. Infantolino*, 116 R.I. 303, 310, 355 A.2d 722, 726 (1976); *Rhode Island Ophthalmological Society v. Cannon*, 113 R.I. 16, 20, 317 A.2d 124, 126–27 (1974); *Goldstein v. Rhode Island Hospital Trust National Bank*, 110 R.I. 580, 588, 296 A.2d 112, 116 (1972); *Columbus Ornamental Iron Works, Inc. v. Martin*, 103 R.I. 620, 622, 240 A.2d 405, 406 (1968); *Payne v. Supe-*

*rior Court*, 78 R.I. at 184, 80 A.2d at 163." *Salvadore*, 469 A.2d at 356.

Although the doctrine is more in the nature of a rule of policy and convenience, we have stated that:

"Nevertheless it is one that generally ought to be adhered to for the principal reason that it is designed to promote the stability of decisions of judges of the same court and to avoid unseemly contests and differences that otherwise might arise among them to the detriment of public confidence in the judicial function." *Payne v. Superior Court*, 78 R.I. at 184–85, 80 A.2d at 163.

■ The doctrine is particularly applicable where the rulings under consideration pertain to successive motions for summary judgment. *Rhode Island Hospital Trust National Bank v. National Health Foundation*, 119 R.I. 823, 384 A.2d 301 (1978); *Columbus Ornamental Iron Works, Inc. v. Martin*, 103 R.I. 620, 240 A.2d 405 (1968). The doctrine is still operative, however, as in this case when the same question in the identical manner comes before the trial court in a different procedural context. *See Rhode Island Hospital Trust National Bank v. National Health Foundation*, 119 R.I. 823, 384 A.2d 301 (1978). But the doctrine does not apply when the second motion is based on an expanded record. *Id.* When presented with an expanded record, it is within the trial justice's sound discretion whether to consider the issue. *Id.; See Kirby v. P.R. Mallory & Co.*, 489 F.2d 904 (7th Cir.1973).

■ In this case the motion-calendar justice had denied and dismissed defendants' motion for summary judgment. Later the trial justice, in ruling on the motion to dismiss, stated that "[a]n examination of the file makes clear that a Motion for Summary Judgment based substantially on this same ground was denied." As we said in *Salvadore*, 469 A.2d at 356, a subsequent motion could be addressed when material is brought to the court's attention that "significantly extends the record." Unfortunately, this is not such a case. Despite

defendants' assertions to the contrary, the record was not expanded between the time of defendants' motion for summary judgment and its motion to dismiss. Both trial justices had the same material before them when they decided the issue. The earlier order denying the motion for summary judgment therefore should have been controlling.

This case must return to the Superior Court to resume its progress from the point at which the motion for summary judgment was denied. Therefore, we shall respond to request of counsel and comment on the sheriff's "return of process."

 It is well settled that once a non est inventus return is made and an action is brought directly against an insurance company pursuant to § 27–7–2, a question of fact is presented as to whether a good-faith effort was made to obtain service. *Aquilante v. Empire Mutual Insurance Co.,* 120 R.I. 465, 388 A.2d 1367 (1978); *Lemieux v. American Universal Insurance Co.,* 116 R.I. 685, 360 A.2d 540 (1976); *Collier v. The Travelers Insurance Co.,* 97 R.I. 315, 197 A.2d 493 (1964). "As thus used, 'good faith' connotes something more than the affirmative absence of fraud. It presupposes a reasonably diligent effort to obtain service on the insured such as would be made if no question of insurance were involved." *Id.* at 321, 197 A.2d at 496.[3]

 Although there are no rigid rules to which a sheriff's return must conform or by which every return is to be measured, this court has stated that a return "should contain a statement of the acts which he has done under and by virtue of it, and the place and the time when and where they were done. His office is simply ministerial. Hence it is insufficient for him to return that he has duly or legally served the process committed to him." *Sheldon v. Comstock,* 3 R.I. 84, 85 (1854). A return of process, however, should be given a fair, reasonable, and natural construction, and

the intended effect should be given to its plain intent and meaning. *Brown-McKee, Inc. v. J.F. Bryan & Associates,* 522 S.W.2d 958 (Tex.Civ.App.1975). Furthermore, if the return is susceptible of different meanings, the one that most closely conforms to the legal duty should be adopted. *Id.*

 In this case, the lack of a clear and unambiguous statement of a non est inventus return at this point would not be an insurmountable obstacle to plaintiffs. It has been held that questions relating to service of process do not affect the fundamental validity of a judicial proceeding, especially in the situation in which a defendant has actual notice of the proceeding. *Goldberg v. Weiner,* 480 F.2d 1067 (9th Cir.1973). In fact, a return that is void on its face is not necessarily fatal to the validity of a judgment if a properly amended return of service is subsequently filed. *Montgomery v. U.S.S. Agri-Chemical Division,* 155 Ga.App. 189, 270 S.E.2d 362 (1980). We cite these authorities to emphasize that amendments of returns are to be liberally allowed. To rule otherwise would be to ignore Rule 4(i) and G.L.1956 (1985 Reenactment) § 9–6–3.

Rule 4(i) states:

"At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

Section 9–6–3 states:

"Formal defects to be disregarded.— No summons, writ, complaint, *return, process,* judgment or other proceeding in civil causes in any court shall be abated, arrested, quashed or reversed for any defect or want of form, but the court shall proceed and give judgment according as the right of the cause and matter

---

**3.** There is no prohibition against the trial justice, who hears the motion to dismiss, from

conducting an evidentiary hearing on this issue at that time.

in law shall appear unto it, without regarding any imperfections, defects or want of form in such writ, pleading, *return, process,* judgment or proceeding whatsoever." (Emphasis added.)

Although the parties are generally bound by the return of process, the court in its discretion may permit amendment in accordance with the facts. *Hassell v. Wilson,* 301 N.C. 307, 272 S.E.2d 77 (1980). " 'The [c]ourt is bound in every case to exercise a sound discretion, and to allow or disallow an amendment as may best tend to the furtherance of justice.' " *Lee v. Hoff,* 221 N.C. 233, 236, 19 S.E.2d 858, 859 (1942). Such leave should be freely given at any time, however, unless to do so would materially prejudice the substantial rights of the party against whom the process issued. *In re Marriage of Benz,* 669 S.W.2d 274 (Mo.Ct.App.1984). In this case, where defendants filed an answer to the complaint and defended the action for over four years without questioning the lack of a non est inventus return, it does not appear that defendants could show they suffered material prejudice to their substantial rights if plaintiffs were to be given an opportunity to amend the return in response to an appropriate motion. Furthermore, an amendment to a return of service relates back to the time of the filing of the complaint, and it has the same effect as if it had been included in the original return. *Id.; Hassell v. Wilson,* 301 N.C. 307, 272 S.E.2d 77 (1980).

Any amendment to the sheriff's return in this case would therefore relate back to the date of the commencement of the action, which is well within the limitations period. It is to be noted that "[t]he written return of the process served by the sheriff is not the service but only written evidence of the fact [or failure] of service. Where the return is subsequently amended, the fact as to how the process was actually executed is not changed but only the evidence of the fact is changed to speak the truth [in regard to the method of service]." *State Bank of Lake Zurich v. Thill,* 135 Ill.

App.3d 747, 757, 90 Ill.Dec. 304, 310, 481 N.E.2d 1215, 1221 (1985) (quoting *First National Bank of Chicago v. Paris,* 358 Ill. 378, 387, 193 N.E. 207, 211 (1934)).

The plaintiffs are free to request leave to have the return amended in order to make it conform, if possible, to the requirements of a proper non est inventus return and thereby satisfy the condition precedent to bringing a direct action against an insurer under § 27–7–2. The trial justice could then, if called upon to do so in response to an appropriate motion, determine whether the amended return qualifies as a non est inventus return. The law of the case doctrine would not be violated since this consideration by the trial justice would be on an expanded record.

For these reasons the plaintiffs' appeal is sustained, the order of dismissal appealed from is vacated, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

WEISBERGER, J., did not participate.

BEVILACQUA, C.J., participated in the oral argument and in the decision of the court but retired prior to the publication of this opinion.