[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
In a one count complaint filed October 6, 1989 plaintiffs, averring they as buyers and defendants as sellers, both thought at the time of closing that defendants were selling and plaintiffs were buying defendants' single lot on which a single family dwelling could be built. Plaintiffs later sought a regulatory variance, and, unrelated to the relief sought, the zoning board sua sponte held the lot was not buildable. Plaintiffs appealed that decision and it remains unresolved. In their complaint, plaintiffs sought rescission of the contract of sale, return of the purchase price paid, or, alternatively, compensatory damages. It further sought a declaratory ruling that plaintiffs need not further pursue the zoning board appeal.
Plaintiffs later moved for summary judgment on the grounds that there was no genuine issue as to any material fact in the matter before the Court and that they were entitled to judgment as a matter of law. That motion came before Mr. Justice Israel, whose decision filed January 10, 1990 discussed the case in some detail and denied the motion.
On February 15, 1991 plaintiffs filed an amended complaint, consisting of four counts, all of which in substance had been before Justice Israel in his decision on the earlier motion for summary judgment — including the substance of Count IV in the amended complaint, which sought avoidance of the sale underR.I.G.L. § 45-23-13 as amended. Count III of the amended complaint is entitled "Failure to Achieve Intended Objective."
Before the Court is plaintiffs' motion for summary judgment on that Count III. The relief sought is the same as that in the original complaint. The Court has reviewed the amended complaint, defendants' answer thereto, has considered plaintiffs current motion with their memorandum in support, defendants' objection to the motion, plaintiffs' reply to that objection, and Justice Israel's decision.
While, upon the filing of the amended complaint, the original drops out of the case, the Court is satisfied the substance of the matter before it was fully answered in Justice Israel's decision and holds that decision constitutes the law of the case here.[1] Columbus Ornamental Iron Works, Inc. v. George H.Martin, et al, 103 R.I. 620.
The motion should be, and it hereby is denied. Order to enter.
[1] And the Court is in complete agreement with that decision.