Frank L. PARI, et al.

v.

Robert CORWIN, M.D., et al.

No. 92–126–Appeal.

Supreme Court of Rhode Island.

Feb. 4, 1993.

John T. Walsh, Jr., Gerald C. DeMaria, and Madeline Quirk, Higgins, Cavanagh & Cooney, Providence, and Linda E. Buffardi, Cranston, for plaintiffs.

John F. Dolan, Rice, Dolan & Kershaw, Ruth DiMeglio, Carroll, Kelly & Murphy, and Berndt Anderson, Roberts, Carroll, Feldstein & Peirce, Providence, for defendants.

## OPINION

PER CURIAM.

This matter was heard before a panel of the Supreme Court pursuant to an order for all parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiffs Frank L. and Rosemary Pari, had appealed from a Superior Court order granting summary judgment to defendants Robert Corwin, M.D. (Corwin), Arun Singh, M.D. (Singh), and Rhode Island Hospital. We affirm the judgments appealed from.

This is an action for wrongful death arising out of alleged medical malpractice. The death of plaintiffs' minor child occurred on June 30, 1983, two days after surgery in Boston, Massachusetts. The defendant Corwin had been the child's pedia-

tric cardiologist from her birth through 1983, when her care was transferred to Boston physicians for surgical management.

The plaintiffs were almost immediately aware of the alleged medical malpractice which was largely constituted by the delay in referring the patient to Boston for surgery. The Boston surgeon asked plaintiffs why the child had not been referred for surgery earlier. In her deposition plaintiff mother stated that by as early as July 1983 she had contemplated legal action, had spoken with two medical experts, and had engaged an attorney. Within months, pertinent medical records were obtained and referred to a physician in Boston for expert review. The resulting opinion was not favorable to plaintiffs, who later learned that the expert that they had consulted and defendant Corwin had had prior friendly associations and had coauthored a medical article. The plaintiffs continued to search for an expert opinion of malpractice. A second plaintiffs' attorney replaced the first. Later, in August 1985, a third attorney, plaintiffs' present counsel, obtained an expert opinion allegedly favorable to plaintiffs. Ten months before the three-year statute-of-limitations period was to expire, the attorney contacted the insurer of defendants Corwin and Singh to discuss plaintiffs' claim. A claim against Singh was not mentioned. The attorney indicated repeatedly in correspondence with the insurer that he was prepared to file suit against Corwin but would not do so so long as an investigation was being conducted into the matter.

The plaintiffs claim that approximately three weeks before the statute of limitations ran out, an adjuster for the insurer asked the attorney to defer filing suit so that he could investigate the claim for settlement. By means of an affidavit in the record, the adjuster denies any such request.

Suit was filed in July 1987 against all three defendants. The defendants moved for summary judgment under G.L.1956 (1985 Reenactment) § 10–7–2, the statute of limitations for wrongful-death actions, which requires that suit be commenced within three years of the discovery of the wrongful act, neglect or default or within three years of when, in the exercise of reasonable diligence, the wrongful conduct should have been discovered. The plaintiffs objected, asserting, first, that the limitation period did not begin to run until their 1985 discovery of the wrongful conduct and, second, that the liability insurer of defendants Corwin and Singh was equitably estopped from raising the defense.

In December 1987 a Superior Court Justice denied the motions to dismiss, adopting plaintiffs' date-of-discovery argument. The court did not address the estoppel objection. Following the denial of the motions to dismiss, defendants deposed plaintiff mother and established for the record that in 1983 she had anticipated a law suit, and had spoken with treating physicians in Boston. The case was reached for trial in February 1992. Again each defendant raised the statute-of-limitations defense in a preliminary hearing. With the now expanded record, the trial justice was fully justified in considering the motions. See *Goodman v. Turner*, 512 A.2d 861 (R.I.1986), where the record has been significantly expanded, the law-of-the-case doctrine does not prohibit a second judge from ruling on a similar motion. On the merits, plaintiffs again pressed their reasonable diligence and discovery argument insisting that they did not discover their cause of action until 1985.

This court's opinion in *Dionne v. Baute*, 589 A.2d 833 (R.I.1991), interpreting the meaning of "reasonable diligence" clearly indicated that a plaintiff is under an obligation to investigate a claim diligently. After a review of this record, we conclude that the trial justice correctly decided that in 1983 plaintiffs were aware of and contemplated a malpractice action, retained counsel, obtained medical records, sent records out for expert opinion, and well before the running of the three year period of limitations had obtained expert opinion supportive of their position. They simply failed to file their wrongful-death action within the proper time.

**88**

In regard to the procedural propriety of the trial justice's granting motions for summary judgment, we note that the defendants filed a motion for a preliminary hearing on their affirmative defense of the statute of limitations or, in the alternative, for a separate trial on that issue. The plaintiffs filed affidavits and memoranda in opposition, and the defendants filed an affidavit in response. No testimony was offered by the plaintiffs. The plaintiffs did not object to the court's considering the matter on the affidavits. There were no material facts to be found. The only factual dispute, whether the adjuster asked for a delay in filing suit so he could try to convince others to settle, is a dispute not material to the resolution of the motions. Even accepting the plaintiffs' contentions, we conclude that there was no showing of estoppel. To establish equitable estoppel, the plaintiffs would have to show either that they had been assured that settlement would be reached or that the insurer intentionally continued and prolonged *negotiations in order to cause them* to let the statute of limitations pass. *Greater Providence Trust Co. v. Nationwide Mutual Fire Insurance Co.,* 116 R.I. 268, 272, 355 A.2d 718, 720 (1976). The plaintiffs did not assert or produce any evidence that would bring them within either exception.

For all these reasons the plaintiffs' appeal is denied and dismissed, the judgments appealed from are affirmed, and the papers of the case are remanded to the Superior Court.

WEISBERGER, J., did not participate.