ST. LOUIS, ALTON & TERRE HAUTE RAILROAD COMPANY

*v.*

BENJAMIN F. DORSEY.

1. CORPORATIONS—*service of process.* Under the act of 1853, in relation to service of process upon incorporated companies, in order that return of service upon an agent may be held good, the return must show that the President of the company did not reside in, or was absent from the county.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was an action of covenant, instituted in the court below by Benjamin F. Dorsey against the St. Louis, Alton & Terre Haute Railroad Company, and judgment was rendered by default against the defendant.   The return of service upon the summons was as follows:

" Duly executed by reading the same, and delivering a true copy of the within writ to John E. Branham, agent of the St. Louis, Alton & Terre Haute Railroad Company, at Alton, this 20th day of September, 1866.

GEORGE RUEGGER, Sheriff.<br/>By John E. Coppinger, Deputy.

The defendants below bring the cause to this court, and insist that the return was not sufficient to authorize the default.

Messrs. Wiley & Parker, for the appellants.

Messrs. Billings & Wise, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

The service in this case was insufficient, and there having been no appearance by the defendant, the judgment must be reversed.   The return of the sheriff, to have been good under the act of 1853, should have shown that the President of the company did not reside in the county, or was absent.   Only in that contingency does the statute authorize service on an agent.

*Judgment reversed.*