(No. 20170.——

Oscar C. Werner, Defendant in Error, *vs.* The W. H. Shons Company, Plaintiff in Error.

*Opinion filed October 25, 1930—Rehearing denied Dec. 9, 1930.*

JAMES A. WATSON, and McKENNA & HARRIS, (JAMES J. McKENNA, of counsel,) for plaintiff in error.

B. F. ANDERSON, (JOHN W. BROWNING, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The circuit court of Pope county entered a judgment in favor of Oscar C. Werner for $15,000 against the W. H. Shons Company by default at the January term, 1929. The Appellate Court for the Fourth District affirmed it, and on petition of the defendant a writ of *certiorari* was awarded to bring the record before us for review.

The only question is the validity of the service under section 13 of the Practice act, which is as follows: "Any non-resident person or any co-partnership, the members of which are all non-residents, but having a place or places of business in any county of this State in which the suit may be instituted, may be sued by the usual and ordinary name which such person or co-partnership has assumed and under which such person or co-partnership is doing business and service of process may be had in such county upon such person or co-partnership by serving the same upon any agent of such person or co-partnership within this State."

Summons was issued July 25, 1928, for the W. H. Shons Company, returnable to the October term, 1928, and di-

rected to the sheriff of Stephenson county, and was returned served by reading and copy to W. H. Shons on July 27. Another summons was issued on October 19, returnable to the January term, which was returned—

"I have duly served the within writ on the within named W. H. Shons Company by reading the same to Ernest Basey, an agent of the within named W. H. Shons Company, and at the same time delivering a true copy of this writ to the said Ernest Basey, agent as aforesaid, the said W. H. Shons Company or any member of said firm not being found in my county.

"Dated this 20th day of October, A. D. 1928.

E. F. PEEL, *Sheriff.*"

A declaration in the case was filed on September 19, 1928, and on February 11, 1929, at the January term of the court, a judgment by default for $15,000 was entered against the defendant, the judgment order reciting: "It being made to appear to the court that the W. H. Shons Company is a co-partnership, the members of which are all non-residents of the county of Pope, in the State of Illinois, but has a place of business in the said county of Pope and State of Illinois, and that the usual and ordinary name which said co-partnership has assumed and under which it is doing business is the W. H. Shons Company, and it being further made to appear to the court from the writ issued herein and the return of the sheriff of Pope county thereon, that the defendant, the W. H. Shons Company, was personally served with summons by the said sheriff of Pope county, Illinois, more than ten days prior to the first day of the present term of this court."

The manner of service of summons in actions at law is governed by the Practice act, section 2 of which declares that except when otherwise expressly provided by statute the service shall be made by leaving a copy of the summons with the defendant in person. The venue in all cases is determined by section 6 of the Practice act, which provides that it shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may

be found, with exceptions not material in this case. Where two or more individuals are sued all must be served with summons to give the court jurisdiction of all, and if service is not obtained upon all no judgment can be rendered against those not served. The rule applies not only to those bound as joint contractors or joint wrongdoers but to partners. A partnership cannot be sued by its partnership name at common law but suit must be brought against all the partners constituting the partnership, in their individual names. Section 13 was intended to remedy this condition as to both non-resident individuals having a place of business in any county in the State and as to partnerships all of whose members are non-residents but who have a place of business in any county in the State, by authorizing suit to be brought against any such person or co-partnership by the usual name which he or it has assumed and under which he or it is doing business, and process to be served in such county in which he or it is so doing business by serving it upon any agent of such person or partnership within the State. This statute authorizes a substituted or constructive service upon such a non-resident individual or partnership all of whose partners are non-residents, and a judgment rendered on such service is as conclusive upon residents of the State not residents of the county in which the judgment is rendered as one rendered on personal service. (*Bimeler* v. *Dawson,* 4 Scam. 536; *Bickerdike* v. *Allen,* 157 Ill. 95; *Nelson* v. *Chicago, Burlington and Quincy Railroad Co.* 225 id 197; *Watson* v. *Coon,* 247 id. 414.) Where a statute authorizes such constructive or substituted service, the return of the officer must show a compliance with all the requirements of the statute to authorize the service. Section 8 of the Practice act provides for service of summons on corporations by leaving a copy with the president of the corporation, if he can be found in the county where suit is brought, or if the president be not found in that county, then by leaving a copy with any clerk or certain other

specified agent or any agent of the company found in the county. This service on the clerk or other agent is a substituted service made necessary by the inconvenience to those having causes of action against the corporation if they must go to a county where the president may be found or wait until he comes into the county where the cause of action arose or the plaintiff resides. If the process is served on an agent of the corporation other than the president, the return of the officer must show that the president was not found in the county or the court will not acquire jurisdiction of the corporation. *St. Louis, Alton and Terre Haute Railroad Co.* v. *Dorsey,* 47 Ill. 288; *Cairo and Vincennes Railroad Co.* v. *Joiner,* 72 id. 520; *Adams & Pigott Co.* v. *Allen,* 310 id. 119.

Section 11 of the Chancery act provides that service of summons shall be made by delivering a copy thereof to the defendant or by leaving such copy at his usual place of abode, with some person of the family of the age of ten years or upwards and informing such person of the contents thereof. It has been held in many decisions that the return of an officer making service of a summons for a defendant by copy delivered to another person must show a strict compliance with every requirement of the statute authorizing such service or the court will not obtain jurisdiction of the person. (*Piggott* v. *Snell,* 59 Ill. 106; *Townsend* v. *Griggs,* 2 Scam. 365; *Montgomery* v. *Brown,* 2 Gilm. 581; *Boyland* v. *Boyland,* 18 Ill. 551; *Tompkins* v. *Wiltberger,* 56 id. 385; *Mack* v. *Brown,* 73 id. 295.) These cases and others firmly establish the rule that the return of an officer showing substituted service of a summons under section 11 of the Chancery act instead of personal service must affirmatively state the leaving of a copy of the summons at the usual place of abode of the defendant with some person of the family (naming him) of the age of ten years or upwards, and informing such person of the contents of the summons. A failure to state any one of these

particulars renders the return defective and the attempted service insufficient to give the court jurisdiction of the defendant. Moreover, these defects cannot be aided by recitals of valid service in the decree. *Boyland* v. *Boyland, supra; Tompkins* v. *Wiltberger, supra.*

The conditions on which section 13 authorized substituted service by delivering a copy of the summons to an agent instead of personal service upon the defendant were, that the defendant was a resident of Illinois but a non-resident of Pope county, or was a co-partnership all of whose members were residents of Illinois but non-residents of Pope county, and that the defendant had a place of business in Pope county. The statute, except when it expressly provides otherwise, requires service of summons to be made by delivering a copy thereof to the defendant in person. This, except for section 13, would require a copy of the summons to be delivered to the defendant in person if the W. H. Shons Company was an individual doing business under that name, or, if it was a co-partnership, to at least one of the partners. The record gives no information as to the fact whether the W. H. Shons Company is the name of a co-partnership or of a corporation or the name under which an individual is doing business, or, if the name of an individual or co-partnership, where the individuals or partners reside, for, as will presently appear, the findings of the court on these questions cannot be considered. The established rule has been stated that the return of an officer making substituted service of a summons for a defendant upon some other person as his agent must show a strict compliance with every condition of the statute authorizing such substituted service. That rule is universally recognized, at least in Illinois, except in its application to section 13 of the Practice act. Many cases of its application may be found which have not been cited. In reference to section 13, it was held in *Joel* v. *Bennett,* 276 Ill. 537, that a return that the defendant, who was an individual

who had assumed a co-partnership name under which he was doing business, was a non-resident of the county was sufficient without showing the fact that he was a resident of the State. The motion to quash in that case was made on the ground that section 13 applied to all non-residents of the county, whether within or without the State, and was therefore unconstitutional, but it was held that the section applied only to persons who were non-residents of the county but were residents of the State, and was therefore constitutional. The decision of the case was based on the holding that the act was constitutional, and the question of the sufficiency of the return was disposed of by a reference to the case of *Watson* v. *Coon, supra,* in which, though the return was set out in the opinion, no question of the constitutionality of the section or the sufficiency of the return was made. In *Hitchens* v. *Bennett,* 339 Ill. 366, the return showed that Thomas E. Bennett, one of the partners in the defendant co-partnership, was not found and was not a resident of Illinois but was a resident of New York. It was held the court should have quashed the service for the reason that it appeared that he was not a resident of this State. Having thus decided the case the opinion proceeded *obiter* to state an objection made to the return that it did not state that the co-partnership had a place of business in LaSalle county, where the action was begun, and mentions the returns in *Joel* v. *Bennett, supra,* and *Watson* v. *Coon, supra,* saying it was held in both cases the return was good and gave the court jurisdiction.

These three cases illustrate the ease with which a departure from established rules may lead to the overthrow of sound legal procedure. *Watson* v. *Coon, supra,* raised the question, only, of the meaning of the word "non-residents." The opinion expressly states that the whole controversy turns on the meaning of the word "non-residents" in section 13. It was held that the word meant non-residents of the county, and no other question was presented or decided.

The return was set out in the opinion but no question upon it was presented by counsel or considered by the court, and, of course, none was decided. In *Joel* v. *Bennett, supra,* the question of the constitutionality of the section was raised and decided. The section was held constitutional. The plaintiff in error argued further that in any event the judgment should be reversed because the return of the sheriff did not show that the plaintiff in error was a resident of the State; that a sheriff's return cannot be pieced out by intendments and references (inferences) but that the jurisdiction of the court must be shown by the return itself. This argument would seem to present a question worthy, at least, of consideration and discussion in view of the uniform rule which had theretofore prevailed, that where the service is by summons evidence cannot be received to prove or aid it but service can be shown only by the return. (*Clark* v. *Thompson,* 47 Ill. 25; *Botsford* v. *O'Conner,* 57 id. 72; *Barnett* v. *Wolf,* 70 id. 76; *Hemmer* v. *Wolfer,* 124 id. 435; *Dickison* v. *Dickison,* id. 483; *Reedy* v. *Camfield,* 159 id. 254; *Cassell* v. *Joseph,* 184 id. 378; *Illinois Central Railroad Co.* v. *People,* 189 id. 119.) The question was disposed of in the opinion of the court in the following language: "The authorities cited by counsel on this question are none of them on all-fours with this case. Neither do we consider the reasoning in any of them as controlling here. The return in *Watson* v. *Coon, supra,* was worded substantially as was the return in this case, and that return was held good." The return was not held good in *Watson* v. *Coon*—it was not even objected to. Thus, *Watson* v. *Coon* was made responsible for the decision in *Joel* v. *Bennett* though the question decided in the latter case was not even considered in the former, and thus *Joel* v. *Bennett* eliminated from the facts necessary to be made to appear in order to give jurisdiction of a co-partnership under section 13, the fact that all the partners must be residents of the State as well as non-residents of

the county. Then came *Hitchens* v. *Bennett,* which by its *obiter* decision following *Joel* v. *Bennett* in its statement of the imaginary decision of *Watson* v. *Coon,* eliminates from the facts necessary to appear in order to give jurisdiction under section 13 the fact that the person or copartnership sued has a place of business in the county in which the action. is brought. Thus, as a result of those decisions it is insisted that the return need not show that the defendant is a resident of the State as well as a nonresident of the county and that it need not show that the defendant has a place of business in the county. If the return need not show that the defendant is a resident of the State no reason appears why it should state that he is a non-resident of the county, for both facts are equally requisite to the jurisdiction of the court under section 13 and to the right to serve the summons on an agent. The case of *Watson* v. *Coon* was decided correctly but it did not decide anything about the sufficiency of the return. The case of *Joel* v. *Bennett* was decided correctly as to the constitutionality of the act but erroneously as to the return, because it mistakenly assumed that this question had been determined by *Watson* v. *Coon* when it had not. *Hitchens* v. *Bennett* was decided right because it held correctly that the summons was properly quashed since it appeared that one of the partners was a resident of the State of New York and not a resident of this State, and the further *obiter* statements of the sufficiency of the return in other particulars did not affect the correctness of the judgment.

This case must be decided on the return made by the sheriff. The findings which the court inserted in the record are of no value in determining the court's jurisdiction of the defendant. That jurisdiction, unless the defendant voluntarily enters his appearance, can be acquired in actions at law only by the service of a summons in the manner directed by the statute. The return of the sheriff is the only evidence which the court can receive of such service. The

fact of the jurisdiction of the court over the defendant's person cannot rest in parol. If the record contains a recital of service and also a return of service the recital must be considered as referring to the return and based on it, and the two are to be construed together. (*Hobby* v. *Bunch,* 83 Ga. 1; *Knapp* v. *Wallace,* 50 Ore. 348.) Where the return is inconsistent with the recitals in the judgment the return controls, and a recital of proper service will not aid an official return showing a want of proper service. *Galpin* v. *Page,* 18 Wall. 350; *Settlemier* v. *Sullivan,* 97 U. S. 444; *Stubbs* v. *McGillis,* 44 Colo. 138; *Point Pleasant* v. *Greenlee,* 63 W. Va. 207.

The defendant in error argues that the circuit courts are superior courts of general jurisdiction, that they are presumed to act rightly and all intendments of the law are in favor of their acts, and that, in the absence of anything in the record to show where the parties to a suit reside, the presumption of law is that their residences are such as to give the court jurisdiction of their persons. These presumptions have no application here. There is no objection to the court's jurisdiction of the subject matter, the cause of action, and no objection that the action is not brought or that the service was not made in the proper county. The objection is that no legal service of a summons was made on the defendant. The defendant did not appear, and therefore no jurisdiction of the person was acquired unless a summons was served in the manner authorized by law. The defendant is the W. H. Shons Company. Whether it is a partnership or corporation is not stated in the pleadings, summons or return, but we have assumed it to be a partnership because both the parties in their briefs say it is. Being a partnership it may be sued in its partnership name, only, by virtue of section 13 of the Practice act and only upon the conditions fixed by that section. A summons was issued and the sheriff made a return of service. If the return showed a legal service the

court acquired jurisdiction of the co-partnership. The return did not show the existence of any condition required by the statute to authorize the service of the summons. So far as the record shows, the W. H. Shons Company may have been a corporation, or it may have been an individual doing business in that name, or it may have been a partnership all of whose partners resided in Pope county, or all of whom were non-residents of the State, or some of whom were non-residents of the State and others residents of the State outside of Pope county. The return is merely that the sheriff served the summons on the defendant by reading it to Basey, the defendant's agent, and delivering a copy to him, "the said W. H. Shons Company or any member of said firm not being found in my county." For the reasons which have been given this return was insufficient to give jurisdiction of the defendant. In regard to the presumptions in favor of the acts of superior courts of general jurisdiction, the court said in *Galpin* v. *Page, supra:* "But the presumptions which the law implies in support of the judgments of superior courts of general jurisdiction only arise with respect to jurisdictional facts concerning which the record is silent. Presumptions are only indulged to supply the absence of evidence or averments respecting the facts presumed. They have no place for consideration when the evidence is disclosed or the averment is made. When, therefore, the record states the evidence or makes an averment with reference to a jurisdictional fact it will be understood to speak the truth on that point, and it will not be presumed that there was other or different evidence respecting the fact or that the fact was otherwise than as averred. If, for example, it appears from the return of the officer or the proof of service contained in the record that the summons was served at a particular place and there is no averment of any other service it will not be presumed that service was also made at another and different place, or if it appear in like manner that the service was made upon

a person other than the defendant it will not be presumed, in the silence of the record, that it was made upon the defendant also. Were not this so it would never be possible to attack collaterally the judgment of a superior court although a want of jurisdiction might be apparent upon its face.. The answer to the attack would always be that, notwithstanding the evidence or the averment, the necessary facts to support the judgment are presumed."

The circuit court of Pope county was without jurisdiction to render judgment against the plaintiff in error, and its judgment, as well as that of the Appellate Court for the Fourth District, is reversed and the cause is remanded to the circuit court.

*Reversed and remanded.*