Harold Schueren, Appellee, v. Querner Truck Lines, Inc., Appellant.

Term No. 58–O–25.

Fourth District.

July 10, 1959.

Released for publication July 13, 1959.

Baker, Kagy & Wagner, of East St. Louis (Francis D. Conner, John M. Ferguson, of counsel) for appellant.

Moran & Beatty, of Granite City, for appellee.

PER CURIAM.

Plaintiff sued defendant trucking company and others in the Circuit Court of Madison County for personal injuries sustained when struck by defendant's truck on the Chain-of-Rocks Bridge spanning the Mississippi River at Mitchell, Illinois. A verdict was returned against the truck lines for $18,000 and judgment entered thereon. Service was had on the defendants under the Illinois Non-Resident Motorist Statute. Chapter 95½, Section 23, Illinois Revised Statutes, 1955.

A motion of defendants to quash service of summons was denied by the trial court. This motion was based on plaintiff's failure to file an Affidavit of Compliance with the Non-Resident Statute and also on the ground that the bridge is not an Illinois highway since the accident occurred nearer the Missouri than the Illinois shore. This ruling, and others arising in the course of the trial are relied on by defendant on this appeal.

Defendant makes no specific argument that the verdict is against the manifest weight of the evidence. It contends that the alleged errors in various rulings by the Court require a new trial because the issues of liability and extent of damage were close on the facts.

On the date of the injury, August 29, 1956, plaintiff was engaged in painting the Chain-of-Rocks Bridge which is owned by the City of Madison. He was returning from lunch on the Missouri side of the river in a pick-up truck along with other workers. As the truck stopped on the bridge to discharge the workmen, westbound traffic halted and let plaintiff and others cross the bridge to the north side. There was no pedestrian walk on the bridge but there was a narrow curb along the edge of the roadway. As plaintiff and others stood on the curb, the westbound traffic started moving slowly. Defendant's vehicle was first in line. In the eastbound lane, there was another large truck. In the process of clearing this truck, defendant's driver pulled his truck to the edge of the curbing causing plaintiff to be caught between the side of the trailer and the railing of the bridge. Defendant's truck stopped immediately, and plaintiff was twisted around by other workmen and removed from the curb to the handrail. Plaintiff testified that when he saw the impending danger as the truck edged over toward him, he tried to get upon the railing but was knocked off balance by a side-mirror extending out from the cab of defendant's truck. The testimony of defendant's driver was to the effect that he proceeded slowly in a westerly direction when waved on by one or two of the workmen and assumed that the workmen had gotten to a position of safety when such signal was given to him. The evidence further indicated that the roadway was 22 feet wide, that defendant's truck was eight feet wide, and that the eastbound truck was in its own lane after the accident. As a result of the acci-

186

dent, plaintiff sustained severe injuries, necessitating hospitalization for 54 days.

The Complaint filed March 22, 1957, named as defendants, the trucking company, its driver, the owner of the trailer, and the City of Madison. The latter defendant owns and controls the Chain-of-Rocks Bridge. The Complaint alleged that the City of Madison was negligent in failing to provide a walk or guard rail on the bridge, and, in failing to protect plaintiff by the enactment and enforcement of proper traffic rules regulating traffic on the bridge. Petition for removal to the Federal Court was filed by defendant, but on May 24, 1957, the case was remanded to the Circuit Court of Madison County because the City of Madison was a party defendant and thus the case did not satisfy the diversity of citizenship ground of Federal jurisdiction. Following the denial of the trucking company's Motion to Quash Service of Summons noted above, it filed its Answer renewing the lack of jurisdiction allegation in an affirmative defense. It also raised the defense that the City of Madison had been joined as defendant without good cause or expectation of securing judgment against said defendant, and solely for the purpose of preventing removal of the cause to the Federal Court.

On the day that the case was set for trial, November 18, 1957, defendant presented its motion for a continuance on the ground that the truck driver defendant could not be located and that his testimony was essential to defendant's case. This motion was supported by affidavit which recited the steps taken by defendant since October 30, 1957, when the case was first set for trial, to locate the driver. From the affidavit and argument of counsel in support of the motion, it appeared that an investigating firm had been hired to locate the driver when it became apparent that his employer, the trucking company, was unable

187

to find him. This motion was denied and trial subsequently commenced. In the course of trial, defendant renewed its motion based on the fact that the driver had been located in Dallas, Texas, but was under a doctor's care with flu, and could not make the trip to Edwardsville. This motion was given the fullest consideration by the trial court and denied. In the course of argument on the motion, plaintiff moved to dismiss the driver as a party-defendant and stipulated that the affidavit of what he would have testified to, if present, might be read to the jury. We conclude that the rulings of the trial court were within its discretion.

At the close of plaintiff's evidence, the defendant, City of Madison, moved for dismissal, which motion was granted. Again, defendant trucking company filed its Petition in the Federal Court for removal and at the same time moved to terminate the Circuit Court proceedings. The latter motion in the Circuit Court was denied and the trial concluded with judgment entered against defendant alone, the two individual defendants having been voluntarily dismissed from the case by plaintiff, and the City having obtained a directed verdict. Subsequently, the Federal Court again refused jurisdiction and remanded the case to the Circuit Court.

In the course of the remanding of the case from the Federal Court to the Circuit Court, a mix-up in the Circuit Clerk's office caused the case which ultimately was tried to be given the number of a prior case between the same parties which had been voluntarily dismissed by the plaintiff. Defendant argues that while all concerned were unaware of the confusion in case numbers until months after the trial, that it was prejudiced in some respects by this confusion, perhaps by the trial judge having the wrong file or pleadings in front of him, and therefore not being properly apprised of the defenses raised by defendant.

188

When this matter was brought to the attention of the Court, an Order was entered amending the docket entries and directing the renumbering of the pleadings. We feel the matter of possible prejudice arising from such situation, is properly left to the discretion of the trial court. There being no specific showing whatsoever of prejudice, or that the outcome of the trial was affected by such a mistake, this allegation of error may be deemed of no weight.

█ Of the various allegations of error raised by the defendant, we find the contention that the City of Madison was made a party defendant solely for the purpose of frustrating removal to the federal court is not properly before this court, since the order of the Federal District Court remanding the case to the state court is not subject to review. In re National Bank of Ottawa, 273 Ill. App. 545.

In the case of Missouri, Pac. R. Co. v. Fitzgerald, 160 U. S. 556, 40 L. Ed. 536, 16 S. Ct. Rep. 389, a removal had been taken to a federal court, which had then remanded the case to the state court. The remandment was contested on appeal to the Supreme Court of Nebraska, and then by writ of error to the United States Supreme Court. The case says "The Supreme Court of Nebraska rightly recognized the courts of the United States to be the exclusive judges of their own jurisdiction." It further held that the state court could not be held guilty of denying a federal right to the litigant, since the denial was the action of the federal court.

The subject of reviewing orders in removal cases was fully considered, with citations of many cases, in Metropolitan Casualty Insurance Company v. Stevens, 312 U. S. 563, 85 L. Ed. 1044, 61 S. Ct. 715. It was held that, if a motion for removal is made in the state court and denied, the order of the state court in denying the petition for removal may be reviewed in the state appellate court, and eventually in the United States Su-

preme Court. A litigant may also remove the case to a federal court, and if the latter assumes jurisdiction, then after final judgment its action may be reviewed in the federal courts of review. It is then added: "However, the issue of removal is closed if the Federal District Court refuses to assume jurisdiction and remands the cause."

The testimony of the plaintiff, himself, disclosed there was no basis for charging liability against the city. We concluded that it was clearly a case of joinder to frustrate removal. But the federal court twice refused to take the case, the second time when the predicted result had occurred and diversity of citizenship existed beyond question. Our trial court could do nothing about it, and committed no error in this respect. No petition for removal was filed in the state court, therefore, there is no order thereon which this court can reverse. Since the federal court has declined jurisdiction twice, the last time with diversity of citizenship clearly present, there is no reason to assume that a third attempt would be successful, and this court having no authority to require removal, it must be held that the issue of removal is "closed," as stated in the cited case.

▮▮▮ Defendant also contends that the trial court improperly overruled its Motion to Quash. This motion attacked the Court's jurisdiction over defendant on the ground that the substituted service had on defendant was defective on two counts: (1) That the accident took place on the bridge at a point located within the State of Missouri and not a highway in Illinois; and (2) That plaintiff failed to attach to the summons an affidavit of compliance with the statute, and failed to file same with the clerk. With respect to the first contention, we find no clear authority in Illinois on whether an inter-state bridge is or can be a highway of the State of Illinois. Though the state

190

boundaries go to the middle of the river, it is established law that Missouri and Illinois have concurrent jurisdiction over the entire river and its traffic, Chapter 22, 3 U. S. Statutes 545; and, in the case of Smoot v. Fischer, 248 S.W.2d 38, the Missouri Court held that it had jurisdiction of a case involving an auto accident on an inter-state bridge which took place near the Illinois shore. In the instant case, we have the added fact that the bridge is actually owned and controlled by an Illinois municipal corporation, the City of Madison, and may be considered in the same light as any street in such city for the purposes under consideration. The bridge is an important traffic artery used by the public and, therefore, in no way analogous to the accident site in Brauer Machine & Supply Company v. Parkhill Truck Company, 383 Ill. 569, 50 N.E. 2d 836, cited by defendant. We acknowledge that substituted service statutes must be strictly construed. However, we agree with the trial court's conclusion that this case grew out of use of an Illinois highway by defendant.

■ With respect to the effect of the failure to attach an affidavit of compliance to the summons under the Long Arm Statute, this question likewise does not seem to have been directly ruled upon by a reviewing court in this state in a case similar to the one at hand. There are cases which hold such affidavits essential in the entry of default judgments (Rompza v. Lucas, 337 Ill. App. 106, 85 N.E.2d 467) as a means of informing the Court that the defendant has received notice of the action to be taken against him. In the Rompza case, the Court quoted, with approval, the following language used by a Vermont Court (Brammall v. La Rose, 105 Vt. 345, 165 Atl. 916) in construing a similar statute:

"The filing of the affidavit of compliance is not, strictly speaking, a part of the service, but is a means

191

of informing the court that the requisite notice to the defendant has been given in the manner prescribed. It is analogous to the return of process, made by the authorized officer."

There is merit to the analogy of the affidavit of compliance with the return of process in the ordinary case. The return is not what gives the Court jurisdiction and failure to return the summons or file affidavit of compliance does not defeat jurisdiction, where judgment is not upon default.

Turning to the record here, we note that on July 5, 1957, motion to quash made upon special appearance was argued and overruled and defendants ordered to plead on or before August 5, 1957. Plaintiff then agreed to file affidavit of compliance within ten days. Plaintiff never filed such affidavit in the trial court and defendant claims it was prejudiced. After the case reached us a motion was made for leave to file the affidavit and an affidavit was tendered. Defendant objected and we took the motion with the case. Upon further consideration of this question we conclude that the failure to file the affidavit in proper time did not have any prejudicial effect, and the motion to file such affidavit is now allowed.

The defendant has complained of some rulings of the court during the hearing of testimony, and of the refusal to give an instruction on minimizing damages. There was no basis in the record to justify such an instruction, and we are of the opinion the several protested rulings were correct. For the reasons given the judgment is affirmed.

Judgment affirmed.

HOFFMAN, J., took no part.