STATE BANK OF LAKE ZURICH, Plaintiff and Respondent-Appellee, v. CHARLES J. THILL, JR., Defendant and Petitioner-Appellant (Nancy Thill *et al.*, Defendants; First National Bank of Des Plaines, Trustee, *et al.*, Intervening Respondents-Appellees).

Second District   No. 84—0229

Opinion filed May 30, 1985.—Modified on denial of rehearing August 28, 1985.

Ralph E. Madsen and W. Randal Baudin, both of Madsen, Clark, Baudin & Briscoe, of Crystal Lake, for appellant.

Stanley M. Cahn and Susan E. Woods, of Chicago, for intervening appellees.

Robert E. Lessman, of Hall, Holmberg, Sloan, Roach, Johnston & Fisher, of Waukegan, for appellee State Bank of Lake Zurich.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Defendant-petitioner, Charles J. Thill, Jr., appeals from an order of the circuit court which denied his motion to vacate a judgment of foreclosure and sale of certain real estate entered in favor of plaintiff, State Bank of Lake Zurich. Defendant contends the trial court lacked personal jurisdiction to enter the judgment of foreclosure and sale against him as he was not served with process, and that First National Bank of Des Plaines, as trustee, Robert Christian, Edwin and Gail Magoon, who claimed subsequent interests in the subject property, were erroneously permitted to intervene and granted judgment on the pleadings against defendant.

The record consists of the pleadings, motions and supporting affidavits of the parties, which disclose that defendant Charles Thill, with his wife Nancy and their children, resided in Lake Zurich in a single-family home against which plaintiff State Bank held a mortgage. On May 24, 1982, the mortgage being five months in arrears, plaintiff commenced foreclosure proceedings against the Thills and unknown owners for the $38,257.60 then due. Summons was issued and, on motion of plaintiff's attorney, Michael Szydelko, Steven J. Phillips and others were authorized by the circuit court to serve process in this cause. See section 13.1(1) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 13.1(1)), which is now section 2—202(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—202(a)).

The return of service filed in the record with the summons is as follows:

STATE OF ILLINOIS )
                  ) SS
COUNTY OF LAKE    )

### AFFIDAVIT OF SERVICE

I, *MICHAEL SZYDELKO*, being first duly sworn on oath,
depose and say that service of *COMPLAINT FOR FORECLOSER
MORTGAGE*, original of which is presently on file
with the Clerk of the Circuit Court for Lake County, Illinois, was made
on *CHARLES J. THILL + NANCY J.*, the *11* day of *JUNE*,
198*2*, at approximately *5:30* o'clock *P*.M., in the following
manner:

(A) By handing a copy thereof to the within named _____
_____, who is a _____(sex),_____(race), of the
approximate age of _____, being at the address of _____
_____.

(B) By leaving a copy of the above-decribed document with *NANCY
J. THILL*, at the usual place of abode of the said Re-
spondent at the following address: *170 PEBBLE CREEK
LAKE ZURICH    IL.*, with a person of Respondent's fami-
ly of the age of 13 years or above, who is a *FEMAL*(sex), *WHITE*(race),
of the approximate age of *35*, and informing such person of the con-
tents thereof, and also by sending through the United States Mail, by
depositing in the United States Post Office at _____,
on the _____ day of _____, 198___, a copy;thereof in a sealed enve-
lope, with postage fully prepaid, addressed to said Respondent at such
usual place of abode.

(C) I have duly served the above-described document upon the within
named _____, by reading
and by delivering a true copy thereof to _____,
whose Title is _____, who is a _____(sex),
_____(race), of the approximate age of _____, being at the address
of _____.

(D) By posting a copy of the above-described document on the premises,
no person being in actual possession thereof.

_____ (Affiant)

Subcribed and sworn to before me
this *4th* day of *June*, 198*2*.

_____ (Notary Public)

C000015

(We note affiant therein states he served a copy of a complaint on Charles and Nancy Thill by leaving a copy with Nancy, but does not state that summons was served on either of them or that a copy of the summons was mailed to defendant.)

The record also discloses that Nancy Thill, who is not a party to this appeal, entered her written appearance as defendant on July 13, 1982, together with a handwritten statement that she realized she was behind in payments, but believed she could pay off the debt within 30 to 40 days. No further appearance, answer or pleading was filed by either of the Thills prior to entry of judgment of foreclosure.

Plaintiff State Bank thereafter on September 13, 1982, after giving notice by mail to Nancy Thill, presented a motion for summary judgment supported by the affidavit of Ronald Spiekout, an officer of the bank. It recited, *inter alia*, that Charles and Nancy Thill were in default of their mortgage to plaintiff for principal, interest, costs and attorney's fees of $41,463.75 and plaintiff was entitled to judgment as prayed for in the complaint. The trial court granted summary judgment of foreclosure and sale that same day finding, as relevant to this appeal, that defendants Charles and Nancy Thill were each served with process of summons; that Charles Thill failed to appear or plead to the complaint; that Nancy Thill appeared and filed a pleading; and, that the court had jurisdiction over all of the parties. As a part of its judgment order, the trial court specifically found that both Charles and Nancy Thill were personally served with process on June 11, 1982.

The property was ordered to be sold by the sheriff to satisfy the judgment and was so sold to plaintiff State Bank on September 13, 1982, for $42,518.24, leaving no deficiency, and on October 18, 1982, the sheriff's report of sale and satisfaction of the judgment was approved by the trial court.

Thereafter, on October 31, 1983, over one year later, petitioner-defendant, Charles J. Thill, Jr., entered his special and limited appearance to present a motion to vacate the judgment of foreclosure and sale of the property as to him. The motion alleged summons was served only on Nancy Thill and not on Charles Thill, either personally or by substituted service, and the judgment and sale were void with respect to him as the court lacked personal jurisdiction over this defendant.

Defendant's motion was supported by his affidavit in which he stated, *inter alia*, that he was never served with a summons or complaint either personally or by mail; that he first became aware of this litigation by a telephone call on October 20, 1983, at his place of em-

ployment from Bob Christian who said he "hated to have or cause me to be evicted" from the home in Lake Zurich; that affiant was not advised by his wife Nancy Thill, or any other person, of the foreclosure proceedings until that day; that after the call he talked to his wife, with whom he has continuously resided since 1966, and she then told him of the foreclosure proceedings; that since their marriage his wife has exclusively handled all marital- and family-related payments, including mortgage and tax matters, and affiant has never done so; that he had no knowledge of an arrearage and had sufficient funds for payment if he had known.

Nancy Thill also supported the motion to vacate with her affidavit stating she exclusively handled family financial matters and had not informed her husband of the mortgage arrearage; that on June 11, 1982, a man came to their home and handed her several sheets of paper, saying he was sorry to do so, but not explaining their content or that the papers were for Charles Thill; that no complaint or summons came to the home by mail; that she never informed her husband of the complaint for foreclosure or the papers received nor did she advise him of her *pro se* entry of appearance in the foreclosure action.

On October 31, 1983, defendant also filed a *lis pendens* notice with the circuit clerk and county recorder.

Plaintiff State Bank's response to the motion to vacate noted the judgment of foreclosure had found that Charles and Nancy Thill were each served with process of summons. Plaintiff also acknowledged the return of the process server indicates substitute abode service on Charles Thill by leaving a copy with Nancy Thill, but failed to show that a copy of the summons was mailed to Mr. Thill. In support, plaintiff attached the affidavit of Steven Phillips who, together with Michael Szydelko, had been appointed as a special process server in this case. Phillips stated that on June 11 or 12, 1982, he received the return of process executed by Szydelko which indicated personal service on Nancy Thill and substitute abode service on Charles Thill; that Phillips delivered the return of process to plaintiff's attorney and received from him an additional copy of the complaint and summons in this case which Phillips then mailed, with proper postage, to Charles Thill at his Lake Zurich home address on June 14, 1982, but did not complete the return of process showing the mailing.

The affidavit of Michael Szydelko was also offered by plaintiff, in which he stated he had delivered a summons and complaint to Nancy Thill on June 11, 1982, at her home and read the caption and title of the complaint to her stating they were for her and her husband. Szydelko said he delivered to Phillips the executed return of process indi-

cating personal service on Nancy Thill and substituted abode service on Charles Thill, but did not complete the mailing section, as he did not have an extra copy of the summons or complaint to mail to Charles Thill.

Plaintiff's response to defendant's motion to vacate also states that on August 9, 1983, plaintiff conveyed title to the subject property to the First National Bank of Des Plaines, as a land trustee, and at no time was aware of a defect in service of process upon Charles Thill.

First National Bank of Des Plaines, as trustee, Robert Christian, Edwin T. Magoon and Gail M. Magoon were, over objection, given leave to intervene and responded to Charles Thill's motion to vacate. They alleged that Nancy Thill had purchased the subject property from plaintiff, State Bank of Lake Zurich, on July 26, 1983, for $60,000 and in that same month entered into a real estate sales contract with intervenor Robert Christian to sell it for $65,000; that in August 1983, Nancy Thill directed plaintiff State Bank to convey the property to intervenor, First National Bank, in a trust of which Robert Christian was beneficiary; and that it was thereafter conveyed to intervenors Edwin and Gail Magoon.

The intervenors' response also offered certain affirmative defenses and sought judgment on the pleadings which was granted by the trial court without an evidentiary hearing, over Charles Thill's objections. The court found that Thill's motion to vacate was a collateral attack upon the judgment of foreclosure and sale which could not affect the rights of intervenors, who the court found to be innocent third parties, as the claimed jurisdictional defects were not apparent from the face of the record. The trial court also found as a matter of law that the findings of the judgment of foreclosure and sale that the court had jurisdiction of the parties was determinative of that issue. Defendant appeals.

■ We consider first whether intervenors had standing to do so and find they did. None of the intervenors were parties to the original foreclosure action, and they claimed title or interest in the subject property through the judgment of foreclosure sought to be vacated. Intervenors thus met the requirements of section 2—408 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—408), which governs intervention. See *Janove v. Bacon* (1955), 6 Ill. 2d 245, 128 N.E.2d 706; *First Federal Savings & Loan Association v. Brown* (1979), 74 Ill. App. 3d 901, 904, 393 N.E.2d 574; see also *Miller v. Clark* (1921), 301 Ill. 273, 282, 133 N.E. 685.

The primary issue presented by this case is whether the trial

court had personal jurisdiction over defendant Charles T. Thill when the judgment of foreclosure was entered. Defendant argues he was not served with summons by either personal or substituted service, as shown by the return filed in the case, and the judgment is thus void as to him.

■ Service of summons upon defendant is essential to create personal jurisdiction of the court (*J.C. Penney Co. v. West* (1983), 114 Ill. App. 3d 644, 646, 449 N.E.2d 188; *In re Adoption of Miller* (1982), 106 Ill. App. 3d 1025, 1029-30, 436 N.E.2d 611), and, absent proper service, any judgment entered against a defendant is void *ab initio*, whether or not he had actual knowledge of the proceedings. (*Hatcher v. Anders* (1983), 117 Ill. App. 3d 236, 237, 453 N.E.2d 74; *Stankowicz v. Gonzalez* (1981), 103 Ill. App. 3d 828, 831, 431 N.E.2d 1272.) A void order may be attacked directly or collaterally at any time in any court. (*City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108, 112, 357 N.E.2d 1154; *Clinton Co. v. Eggleston* (1979), 78 Ill. App. 3d 552, 555, 397 N.E.2d 183.) Where personal jurisdiction is based upon substituted or constructive service, as in the present case, strict compliance with statutory requirements must be shown. (*ITT Thorp Corp. v. Hitesman* (1983), 115 Ill. App. 3d 202, 205, 450 N.E.2d 11, *appeal denied* (1983), 96 Ill. 2d 540; *Schueren v. Querner Truck Lines, Inc.* (1959), 22 Ill. App. 2d 183, 191, 159 N.E.2d 835, *appeal denied* (1959), 17 Ill. 2d 630.) A court will not acquire jurisdiction of a defendant unless the return of the officer or person shows service on the defendant is some manner provided by law. (*Escue v. Nichols* (1948), 335 Ill. App. 244, 247, 81 N.E.2d 652.) A finding of the court that jurisdiction exists over the person cannot prevail over a return which is insufficient to confer that jurisdiction. *Werner v. W.H. Shons Co.* (1930), 341 Ill. 478, 486-87, 173 N.E. 486.

Section 13.2(1) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 13.2(1)), which is now section 2—203 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—203), provides as to service on individuals:

> "(a) Except as otherwise expressly provided, service of summons upon an individual defendant shall be made (1) by leaving a copy thereof with the defendant personally or (2) by leaving a copy at the defendant's usual place of abode, with some person of the family, of the age of 13 years or upwards, and informing that person of the contents thereof, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or usual place of abode. The certificate

of the officer or affidavit of the person that he or she has sent the copy in pursuance of this Section is evidence that he or she has done so.

(b) The officer, in his or her certificate or in a record filed and maintained in the Sheriff's office, or other person making service, in his or her affidavit or in a record filed and maintained in his or her employer's office, shall (1) identify as to sex, race and approximate age the defendant or other person with whom the summons was left, and (2) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant or other person."

It is apparent that the special process server's affidavit, as initially filed in this case, failed to show that any summons was served, noting only service of a complaint, and did not state that a copy of the summons was mailed to Charles Thill. The affidavit of service also appears to state that only one copy of a complaint had been left with Nancy Thill in making substituted service upon Charles Thill. All in all, the affidavit of service, as filed, failed to establish service upon either Mr. Mrs. Thill. Nancy Thill subsequently entered her appearance in the foreclosure proceeding, and we are here concerned only with the trial court's jurisdiction over Charles Thill.

In response to Charles Thill's motion to vacate the judgment of foreclosure as to him on these jurisdictional grounds, plaintiff State Bank of Lake Zurich, offered supplemental affidavits by the persons who had been appointed to serve process in this cause. The affidavits sought to correct the deficiencies seen in the initial return by stating that a summons and complaint was, in fact, delivered to Nancy Thill on June 11, 1982, when she was advised the documents were for her and Mr. Thill, and that substituted abode service was completed on Charles Thill by mailing copies to him at his home. It is apparent that if the initial affidavit of service filed by the special process server had included these additional matters relating to substituted service, then service against Charles J. Thill would have been completed in accord with section 13.2(1) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 13.2(1)). We must then consider whether an insufficient return may be thus corrected after filing to show jurisdiction was acquired over defendant.

■■ ■ Supreme Court Rule 102(d) requires an officer or person making service of summons to make a return by filing proof of service within specified times; it need not state whether a copy of the complaint was served and may be filed by mail. The rule also provides

that "Failure of the officer or other person to return the summons or file proof of service does not invalidate the summons or the service thereof, if had." (87 Ill. 2d R. 102(d).) Supreme Court Rule 104 requires that a copy of the complaint be attached to a summons used to make service, but provides that failure to deliver a copy as required does not impair jurisdiction of the court over the person of any party. (87 Ill. 2d R. 104(d).) Section 13.2(1) of the Civil Practice Act provided for both personal and substituted abode service of summons. If the latter, as was sought to be done here, the statute directs that the person making service send a copy of the summons by mail addressed to defendant at his usual place of abode and provided that the "affidavit of the person that he or she has sent the copy in pursuance of this Section is evidence that he or she has done so." (Ill. Rev. Stat. 1979, ch. 110, par. 13.2(1)(b).) Section 13.2(2) of the Civil Practice Act also required that certain identifying information of the person with whom summons is left, together with the date, place and time, be noted by the officer or other person making service. This information need not, however, be included in the certificate or affidavit of service, as the statute permits this data to be maintained in the sheriff's office or the office of the employer of other persons making service. Ill. Rev. Stat. 1979, ch. 110, par. 13.2(2).

■■ ■ We conclude the affidavit of service may be supplemented by evidence, as in this case, to show that which was actually done in effecting substituted service of process upon defendant. Former law specifically allowed for the amendment of a return by a sheriff or other officer "according to the truth of the matter." (Ill. Rev. Stat. 1975, ch. 7, par. 4, repealed effective October 1, 1977.) Our supreme court has noted in a similar context that "[t]he written return of the process served by the sheriff is not the service but only written evidence of the fact of service. Where the return is subsequently amended, the fact as to how the process was actually executed is not changed but only the evidence of the fact is changed to speak the truth as to the facts. [Citations.]" (*First National Bank v. Paris* (1934), 358 Ill. 378, 387, 193 N.E. 207.) More recently, the supreme court characterized the affidavit requirement of section 13.1(1) of the former Civil Practice Act (now section 2—202(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—202(a)) as "a matter of convenience," noting that if a return of a process server is challenged, the affidavit is evidence which can only be overcome by a contradictory affidavit or personal testimony. (*Clemmons v. Travelers Insurance Co.* (1981), 88 Ill. 2d 469, 480-81, 430 N.E.2d 1104.) The court there further noted that "failing to comply with the affidavit re-

quirement does not necessarily render the return useless or the service void." (88 Ill. 2d 469, 481.) In *Clemons*, as in the present case, a party sought avoidance of a personal jurisdiction by arguing the return of service was in improper form to meet the statutory requirements. In this case, however, when the affidavit of service upon Charles J. Thill was challenged, plaintiff responded with supplemental affidavits by the process servers which made the return facially complete. The trial court thereupon declined to permit defendant Thill to offer evidence relating to the purported substituted service upon him, although defendant had subpoenaed witnesses for the December 10, 1983, hearing. The trial court also refused to permit defendant to make an offer of proof as to the proposed testimony.

■■ ■ This case does arise in a somewhat different posture than that of the usual case in which service of process is challenged. Ordinarily, a defendant claims he was not served and that the return by a sheriff or other process server so stating was incorrect. In this circumstance, a trial court will consider both affidavits or testimony, together with the disputed return, to resolve the factual dispute of whether proper service was obtained. (See *Nibco, Inc. v. Johnson* (1983), 98 Ill. 2d 166, 171-75, 456 N.E.2d 120; *In re Jafree* (1982), 93 Ill. 2d 450, 454-55, 444 N.E.2d 143; *Clemmons v. Travelers Insurance Co.* (1981), 88 Ill. 2d 469, 480-81, 430 N.E.2d 1104.) We believe these procedures are equally appropriate in considering the challenge made to service of process in the present case, where defendant relies upon an incomplete affidavit of service to avoid personal jurisdiction, and the trial court erred in denying defendant an opportunity to present relevant evidence.

■ It has been held that "strict compliance with all statutory requirements must be shown when personal jurisdiction is based upon substitute service of summons." (*Nibco, Inc. v. Johnson* (1983), 98 Ill. 2d 166, 174, 456 N.E.2d 120.) Defendant Thill, by his motion to vacate the judgment of foreclosure and sale, raised a factual issue as to the validity of the substituted service of summons on him. The deficiencies he relied upon in the initial affidavit of service, *i.e.*, whether a copy of the summons was mailed to him at his abode and whether a copy of the summons was left with Nancy Thill for defendant, were apparently met by the supplemental affidavits of the process servers, but defendant was not allowed to present contradictory evidence, thus requiring reversal and remand for that purpose.

■■ In denying defendant's motion to vacate, the trial court relied upon the finding of personal service made in the judgment of foreclosure, holding that to be dispositive. It has long been held, how-

ever, that where a recital of service or jurisdiction in a judgment is inconsistent with the return of service that the return controls. (*Werner v. W.H. Shons Co.* (1930), 341 Ill. 478, 486-87, 173 N.E. 486; see *Reedy v. Camfield* (1896), 159 Ill. 254, 260, 42 N.E. 833.) It is clear in this case that at the time the foreclosure judgment was entered the affidavit of service was insufficient to confer personal jurisdiction over Charles Thill and, therefore, the denial of the motion to vacate could not be properly premised upon the erroneous jurisdictional findings in the judgment of foreclosure.

We have considered other arguments made by the parties and find them to be without merit.

Accordingly, the judgment of the circuit court is reversed and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

HOPF and SCHNAKE, JJ., concur.