COMMONWEALTH EASTERN MORTGAGE COMPANY, Plaintiff-Appellee, v. GREGORY VAUGHN *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 88—1633

Opinion filed January 25, 1989.

Leonard Karlin, of Chicago, for appellants.

Walsh, Case, Coale & Brown, Ltd., of Chicago (John D. Plattner and Michael F. Braun, of counsel), for appellee.

PRESIDING JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff, Commonwealth Eastern Mortgage Company, filed a mortgage foreclosure action against defendant, Gregory Vaughn, in the circuit court of Cook County on July 23, 1987. The trial court granted plaintiff's motion for summary judgment on November 23, 1987. On March 16, 1988, defendant filed a motion under section 2—1401 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401) to vacate the judgment of foreclosure and sale. The trial court denied the motion on March 28, 1988. On April 25, 1988, defendant filed what the trial court treated as a second motion to vacate the foreclosure judgment and to stay all proceedings. The trial court denied that motion on April 29, 1988. Defendant appeals from the denial of this second motion to vacate.

Defendant's section 2—1401 motion to vacate the foreclosure judgment alleged that neither he nor his attorney received notice of the motion for summary judgment although they were both entitled to notice. It further alleged that the "Notice of Motion" for sum-

mary judgment filed on November 23, 1987, was defective on its face in that the "Proof of Service By Mail" portion thereof stated that the notice was mailed on November 23, the date of the hearing for summary judgment. It also alleged that defendant's attorney first learned of the entry of judgment when he received a notice of motion to amend the judgment in January 1988. Finally, the motion alleged that the judgment deprived defendant of an opportunity to assert "any defenses or affirmative matters."

Plaintiff's response to the motion to vacate asserted that the notice of motion for summary judgment was served upon defendant's counsel on November 13, 1987. Attached to the response was the affidavit of the scrivener of the notice of motion, a paralegal for plaintiff's attorneys. The affiant stated that she mailed the notice of motion on November 13, 1987, to defendant's counsel at his address and that she inadvertently typed "November 23, 1987" as the mailing date. Plaintiff further contended that Supreme Court Rule 11 (107 Ill. 2d R. 11) required only service of the notice of motion upon defendant's counsel, not defendant as well, and that it sent the notice to the former in compliance with the rule. Finally, plaintiff asserted that defendant had not met the requirements under section 2—1401 by failing to show due diligence and a meritorious defense to plaintiff's claim.

"[T]he affidavits concerning the scrivener's error and the other documents" convinced the trial court that the notice of the motion for summary judgment was mailed on November 13, "which was sufficient time." The court also concluded that defendant's allegations of a meritorious defense were insufficient, especially in view of the failure of defendant's amended answer to the complaint to allege any defenses. As such, the trial court denied the motion to vacate.

On appeal, defendant contends that the judgment of foreclosure was entered without proper notice either to him or his attorney and is therefore void. Defendant asserts that the notice of motion for summary judgment filed by plaintiff failed, on its face, to meet the requirements therefor under Supreme Court Rules 11 and 12. (107 Ill. 2d Rules 11, 12; Ill. Rev. Stat. 1987, ch. 110, par. 2—620.) Specifically, defendant asserts that the proof of service by mail portion of the notice form "implies and indicates" that the form was mailed to defendant at his attorney's address. Defendant notes that Supreme Court Rule 11 required, *inter alia*, that service of the notice be mailed to defendant's attorney at the attorney's business address or to defendant at his business address or residence.

Defendant also repeats his argument below that the proof of ser-

vice reflects that the notice was mailed on November 23, 1987, the date upon which plaintiff was going to move for summary judgment. Defendant thus asserts that the notice was insufficient under Supreme Court Rule 12, providing, *inter alia*, that service by mail is complete four days after mailing. He also asserts that it violated Cook County Circuit Court Rule 2.1(e), providing that summary judgment motions will not be heard until 10 days after service of the notice of motion under Supreme Court Rule 11.

Proceeding from the defects in the notice of motion, defendant concludes that it is clear that neither he nor his attorney received notice of the entry of summary judgment for plaintiff until January 25, 1988, when his attorney received notice of the motion to amend the foreclosure judgment.

We agree with defendant that the notice of motion is defective under Supreme Court Rule 11, although not entirely for the reasons stated by defendant.

■ The notice of motion contains, at the very top of the form, the names of the parties. The name and address of plaintiff's attorney appear in the "To" portion just below the caption of the case. However, in the "Proof of Service By Mail" portion it indicates that it was mailed to the "above-named defendant" at "his address," not, as defendant contends, at his attorney's address. Supreme Court Rule 11 provides that, if a party is represented by an attorney of record, service "shall be made upon the attorney." Thus, service should have been made upon defendant's attorney of record at the time the notice was mailed out, not defendant. As such, the notice of motion violated Supreme Court Rule 11.

In this regard, we reject plaintiff's assertion that the fact that defendant's attorney's name was listed in the "To" portion of the notice indicates that it was mailed to the attorney, not defendant. The "To" portion of the notice indicates only to whom it is directed. It is the proof of service by mail portion of the notice which controls the determination as to whom it was mailed. We also reject plaintiff's assertion at oral argument that the words "above-named defendant" could only have referred to defendant's attorney since defendant's name did not appear on the notice of motion. The copy of the notice of motion filed with the court clerk clearly contains defendant's name, contrary to plaintiff's assertion.

We further agree with defendant that the notice of motion violates Supreme Court Rule 12 and Cook County Circuit Court Rule 2.1(e) because the proof of service indicates that the notice was mailed on the date of the summary judgment hearing.

■ These defects notwithstanding, we believe the trial court properly relied on the affidavit of the scrivener of the notice of motion to deny defendant's motion to vacate the judgment.

The affidavit recited that the notice of motion and "the pleadings described therein" were mailed to defendant's attorney at his business address. As plaintiff conceded at oral argument, the affidavit did not expressly address the statement in the proof of service that the notice was mailed to the "above-named defendant at his address." However, we believe that in stating that the notice was mailed to defendant's attorney at his business address, the affidavit implicitly resolved the question as to whom the notice was mailed. Moreover, mailing the notice to defendant's attorney was all that was required of plaintiff in serving the notice of motion under Supreme Court Rule 11.

■ Defendant argues that plaintiff was required to serve a notice of motion upon him *and* his attorney of record. In so arguing, defendant relies upon the fact that he filed a *pro se* appearance in this cause and a *pro se* answer to plaintiff's complaint. He also relies upon the fact that the attorney he retained after his *pro se* answer was stricken filed an "Additional Appearance As Trial Lawyer." These facts did not require plaintiff to serve the notice of motion upon defendant as well as his attorney of record. Our supreme court has held that a criminal defendant does not have the right to serve as cocounsel on his case with an attorney, *i.e.*, to both self-representation and the assistance of counsel. (*People v. Williams* (1983), 97 Ill. 2d 252, 266-67, 454 N.E.2d 220, *cert. denied* (1984), 466 U.S. 981, 80 L. Ed. 2d 836, 104 S. Ct. 2364.) We believe that this rule is equally applicable in civil matters. As such, defendant, having chosen to proceed with counsel in this matter, was not also entitled to service of the notice of motion.

■ The scrivener of the notice of motion further attested that she mailed the notice of motion on November 13, 1987, and had inadvertently typed "November 23, 1987," as the mailing date on the notice. Defendant did not file a counteraffidavit. Rather, his attorney merely stated at the hearing on the motion to vacate that neither he nor defendant had received notice. However, the proper giving of notice by mail established by the scrivener's affidavit could not be frustrated by the mere allegation that notice was not received. Otherwise, "the giving of notice by mail cannot be relied upon even though the rules specify such a method." (*Bernier v. Schaefer* (1957), 11 Ill. 2d 525, 529, 144 N.E.2d 577.) As such, the trial court did not abuse its discretion in accepting the affidavit as establishing the date

upon which the notice was mailed. As that date was 10 days before the hearing on the motion for summary judgment was held, the service of the notice complied with Supreme Court Rule 12 and Cook County Circuit Court Rule 2.1(e).

Defendant contends that, in relying upon the affidavit to vary the unambiguous notice of motion, the trial court violated the parol evidence rule. Defendant also contends that, after expressing its disbelief of the affidavit, the trial court inconsistently relied upon it to conclude that the documents which were attached to, and filed with, the motion for summary judgment were mailed on November 13, 1987, although they were executed after that date.

■ Under the parol evidence rule, if parties intend that a written instrument alone is to constitute the complete agreement between them, or if the instrument states that it alone is to constitute such agreement or if the instrument itself appears complete, certain and unambiguous, then parol evidence of a prior or contemporaneous agreement or terms not included in the instrument is inadmissible to vary its terms. (*Ireland v. Esposito* (1981), 93 Ill. App. 3d 584, 417 N.E.2d 738; *Tondre v. Pontiac School District No. 105* (1975), 33 Ill. App. 3d 838, 342 N.E.2d 290.) The rule obviously has no application here.

■ Moreover, the trial court did not express a disbelief in the scrivener's affidavit. Defendant cites the trial court's observation that the affidavit in support of the motion for summary judgment was executed on November 16, 1987, and that two affidavits in support of plaintiff's request for attorney fees were executed on November 23 as evidencing disbelief in the scrivener's assertion that she mailed the notice of motion on November 13. We do not so construe that observation. Immediately thereafter, the trial court stated that "the affidavits concerning the scrivener's error and the other documents" led it to believe that the notice of motion was mailed on November 13, "which was sufficient time." Thus, the trial court believed the scrivener's affidavit notwithstanding the execution dates of the documents attached to the summary judgment motion and the notice of motion filed with the court clerk. In so doing, the trial court did not err.

As plaintiff notes, there is no authority requiring that the copies of affidavits attached to a summary judgment motion and a notice of motion sent to a party or his attorney be executed. As such, we disagree with defendant that the execution of these documents after November 13 requires the conclusion that the notice of motion was not sent at that time.

In the final analysis, we believe the trial court properly relied on the scrivener's affidavit to establish the true facts of the service of notice upon defendant. See *First National Bank v. Paris* (1934), 358 Ill. 378, 193 N.E. 207; *State Bank v. Thill* (1985), 135 Ill. App. 3d 747, 481 N.E.2d 1215, *aff'd* (1986), 113 Ill. 2d 294, 497 N.E.2d 1156.

■ In *Thill*, a mortgage foreclosure defendant sought to vacate a summary judgment for the plaintiff on the ground that he had not been served with summons. The affidavit of service filed with the summons failed to state that substitute service was completed upon the defendant by mailing a copy of the summons to him. In response to the motion to vacate, the plaintiff submitted supplemental affidavits of the special process servers reciting that they had served a copy of the summons upon the defendant's wife and had completed service by mailing a copy to the defendant. The court stated:

> "We conclude the affidavit of service may be supplemented by evidence, as in this case, to show that which was actually done in effecting *** service of process upon defendant. *** Our supreme court has noted in a similar context that '[t]he written return of the process served by the sheriff is not the service but only written evidence of the fact of service. Where the return is subsequently amended, the fact as to how the process was actually executed is not changed but only the evidence of the fact is changed to speak the truth as to the facts.' " (*Thill*, 135 Ill. App. 3d at 756.)

Moreover, *Thill* is not distinguishable from this case because it involved an incomplete affidavit of service while this case involves a mistaken or incorrect affidavit of service. In both types of cases, a trial court may consider both affidavits and testimony, together with the disputed affidavit, to resolve the factual issue of whether proper service was made. *Thill*, 135 Ill. App. 3d at 757.

Defendant next contends that the affidavit in support of the motion for summary judgment was insufficient to sustain the judgment of foreclosure.

■ We find that defendant waived any insufficiencies in the affidavit in support of the motion for summary judgment by not raising them below. The sufficiency of affidavits, including those in support of summary judgment motions, cannot be raised for the first time on appeal. (*Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847; *Wogelius v. Dallas* (1987), 152 Ill. App. 3d 614, 623, 504 N.E.2d 791.) Defendant had ample opportunity to raise any objection to the affidavit in support of

the motion for summary judgment in its motion to vacate the judgment of foreclosure. Having failed to do so, defendant cannot now object to the affidavit.

■■ In addition, even if the affidavit contained the insufficiencies alleged, they would not invalidate the judgment of foreclosure. Affidavits are not required in support of summary judgment motions. (*Yusuf v. Village of Villa Park* (1983), 120 Ill. App. 3d 533, 458 N.E.2d 575.) In other words, summary judgment may be granted with or without supporting affidavits where there is no genuine issue of material fact. (*Cato v. Thompson* (1980), 83 Ill. App. 3d 321, 403 N.E.2d 1239.) As such, summary judgment for plaintiff was appropriate solely on the basis of the complaint and defendant's amended answer, which admitted all of the allegations of plaintiff's complaint.

Defendant argues that the affidavit was insufficient to leave any relevant question of fact unanswered. This argument ignores that it was defendant's amended answer which resolved all material fact questions by admitting all the allegations of plaintiff's complaint. Defendant's original *pro se* answer to the complaint alleged that he had been the victim of fraud in the mortgage transaction. However, those allegations were not repeated in the amended answer as part of any defense or otherwise. Thus, the amended answer resolved whatever issues of fact the complaint raised and the affidavit in support was unnecessary for that purpose.

For all of the foregoing reasons, the summary judgment for plaintiff and the denial of the motions to vacate the judgment are affirmed in their entirety.

Affirmed.

McNAMARA and WHITE, JJ., concur.